ELIZABETH JACQUES, survivor, &c. *vs.* JOSIAH SHORT.

Where a lease is executed by husband and wife, of land in which the wife has an estate for life, and the lessee covenants, in terms, to pay rent to both, this of itself is sufficient to entitle the husband and wife to join in an action for the rent; notwithstanding the wife did not acknowledge the execution of the lease and therefore was not bound by it.

One effect of uniting the wife, in such an action, is that upon the death of the husband his interest in the cause of action survives to the wife, and no interest vests in the personal representatives of the husband.

By uniting the wife, the husband signifies his assent to giving her such an interest in the cause of action; and he thereby vests the wife with his interest, in the event of his death.

For this reason the section of the statute which gives to the executors or administrators of a person to whom rent shall have been due and unpaid at the time of his death, the same remedy, by action, for the arrears, which the decedent might have had if living, is not applicable to such a case.

Where land is demised to A., and he conveys the same to B. by deed, without any reservation or reference to the lease, and B. conveys to C. and the latter to D. in like manner, D. acquires all the interest of A., the original lessee, therein, and becomes in law an assignee of the lease; and as such he is liable on the covenant to pay rent.

An assignee is liable on all covenants which run with the land—as covenants to repair, pay rent, &c.—although not expressly named therein.

And he cannot claim any benefit from the omission of the lessor to record the lease. He is chargeable with notice of the lessor's rights; inasmuch as they fully appear in the chain of his own title.

APPEAL from a judgment entered at a special term, after a trial at the circuit. The action was brought to recover rent due on a lease from the plaintiffs Darius Jacques and Elizabeth his wife, to the defendant's grantor. On the 1st of April, 1839, Mrs. Jacques being entitled as the widow of Levi Van Farren, a former husband, to a life estate in certain premises as tenant in dower, and she and her husband, D. Jacques, being in possession thereof, they executed a lease of the premises to Elijah Stephens, for and during the natural life of Mrs. Jacques, at an annual rent of $100. This lease was neither acknowledged nor recorded. The covenants in the lease did not in terms include the "assigns" of either party. On the 25th of June, 1839, Elijah Stephens and wife conveyed the same prem-

ises, without any reservation or reference to the lease or to the claims of the plaintiff, to Samuel Wright. On the 18th of November, 1845, Samuel Wright in like manner conveyed to Calvin Ward, and Calvin Ward on the 2d day of April, 1849, conveyed in like manner to the defendant, Josiah Short. Stephens, from the time the lease was executed in 1839, continued to pay the stipulated rent, until the year 1850. This action was brought upon the lease, by Jacques and wife against Short, for the recovery of the rent in arrear. Darius Jacques died after the suit was commenced.

The action was tried at the Livingston circuit, in May, 1854, before Justice Welles, without a jury. Judgment was given in favor of the plaintiff, for $258.84.

*T. Hastings*, for the appellant. I. The defendant cannot, in this form of action, or indeed in any form of action, be made liable upon the lease, either as the assignee of the term, or otherwise; and the learned judge erred in permitting the lease to be read in evidence, as well as in adopting the conclusion of law that the defendant was liable. (1.) As the joint lease of Darius and Elizabeth Jacques, for the term of her natural life, it has no vitality, for the reason that she, being a feme covert, could not pass the estate without an acknowledgment of her deed. If, on the other hand, the lease is to be upheld as the separate deed of Darius Jacques, then he had no right to create the estate or term for life of the wife. He could only create a term coextensive with the coverture. If the lease is to be regarded as valid to pass the estate during coverture, then the rent in arrear at the time of his death would go to his representatives; and the cause of action does not survive to the present plaintiff. (2 *R. S.* 32, § 21.) All the rent claimed in this action accrued during the coverture, and the present plaintiff could not have maintained an action therefor even against Stephens; much less against a stranger to the contract. (2.) The covenant contained in this lease, on the part of Stephens, is merely personal, and does not run with the land. It does not contain any words of succession, such as " executors," " admin-

istrators" or "assigns." It has been so regarded by the parties. Stephens continued to pay the rent as upon a personal covenant nearly eleven years after he had parted with the estate. The defendant is not the lessee in fact or in form; and there is no privity of contract between him and the plaintiff. If he is at all liable, it must be by privity of estate. To constitute this relationship, the covenants in the lease must run with the land; and to make the defendant liable, he must have entered and possessed the estate. The covenants in the lease are between Jacques and Stephens, and do not extend to the assignees of either party, (because not named,) and no covenants can be implied. (2 *Barb. Ch. Rep.* 559. 14 *Wend.* 38.) The covenants in such a lease do not run with the land. (6 *Cowen,* 302. 8 *id.* 266. 4 *Comst.* 134.) No privity of estate can be created under such a lease, except by contract. (2 *Hill,* 444.) The doctrine of a privity of estate, so as to render the assignee liable, does not extend to a grantee of a grantee, that is, beyond the immediate grantee of a lessee; and the defendant being a grantee under several other grantees, is not liable.

II. If the court shall be of opinion that the preceding point is not well taken, then it is insisted that the defendant is protected by the statute relative to the recording of conveyances. (2 *R. S.* 47.) The lease not being recorded, is void as against the defendant, (1.) All the rights of parties to conveyances apply to this case, the lease not being recorded, and not being so executed as to entitle it to be recorded. (2 *R. S.* 40 *to* 47, § 44.) (2.) The doctrines of protection to a grantee with notice from a grantee without notice, and *vice versa,* are fully stated in Clinton's Digest, page 389, §§ 311, 312, 313. (2 *Hill,* 650. 1 *Paige,* 323.) (3.) The defendant had not sufficient notice in fact. Explicit notice must be shown; notice to put a party on inquiry is not sufficient. (1 *Clint. Dig. pp.* 386, 389, §§ 307 *to* 310. 8 *John.* 137. 12 *id.* 452, 8 *Cowen,* 260.) (4.) The estate under the lease was forfeited by the non-payment of rent, and ceased running with the land; and no action can be maintained against the defendant for rent accruing after forfeiture. (21 *Wendell,* 120.) Waiver of the forfeiture dis-

charged the defendant.   (5.) The defendant was only liable for
the rent accruing while he was assignee.   When he parted with
the·possession he discharged himself.   (9 *Cowen*, 88.   3 *Barb.
Ch. Rep.* 52.)

*Charles C. Wilson*, for the plaintiff.   I. The rulings of the
court below upon the admission of evidence were correct.   A
covenant extends to the heirs and assigns of a party, although
not named in the instrument.   Actual notice of the plaintiff's
title, before purchase by the defendant, may be shown.   The in-
terrogatory was a proper one.   But it may be true that he did
not prove a sufficient notice.   (*Jackson* v. *Burgott*, 10 *John.
Rep.* 457.)

II.  Proof of the defendant's possession of the demised prem-
ises is prima facie evidence that he is assignee of the term, and
sufficient in connection with the lease to entitle the plaintiff to
recover.   There is sufficient evidence to warrant the court be-
low in finding that the defendant was assignee of the lessee.
(*Armstrong* v. *Wheeler*, 9 *Cowen*, 88.   4 *Hill*, 112.   *Durando*
v. *Wyman*, 2 *Sand. S. C. R.* 597.)

III.  The conveyances, from Peck down to the defendant, op-
erate as assignments of the lease.   The lessee could not hold
adversely, having taken the lease ; and every conveyance must
in law have been given under and in subordination to the
lease.   The presumptions from possession and the deeds must
be considered together, and reconciled, if possible.   Stephens
may have agreed to pay the rent to the plaintiff, but the grant-
or is, notwithstanding, the assignee of the lessee.   (*Childs* v.
*Clark*, 3 *Barb. Ch.* 52, 59.   4 *Cruise*, 160, 161.)

IV.  That the plaintiff had a life estate in these lands, is ad-
mitted.   It also appears that her interest was apparent of
record.   (1.) The defendant held the estate of which the plain-
tiff's first husband died seised, under and through such husband.
(2.) One of his title deeds contains an admission of the plain-
tiff's title and estate, which estops the defendant from denying
notice of the plaintiff's title.   (*Jackson* v. *Parkhurst*, 9 *Wend*,
209.   *Chautauque Co. Bank* v. *Risley*, 4 *Denio's Rep.* 480.

Jacques *v.* Short.

1 *Clinton's N. Y. Digest,* 474.) (3.) The lease and the submission to arbitration are confessions of the defendant's grantors, and operate to charge him with notice. (1 *Comstock,* 525.) (4.) The possession of the lessee and his assigns is the possession of the lessors, the plaintiffs, and grantees of the estate are bound to take notice of the rights and interests of the person in possession. (5.) R. R. Jacques informed the defendant that his grantor was paying the plaintiff rent for this land. (6.) The lease is one of the muniments of the defendant's title, and follows the estate, and the presumption is that its counterpart is the defendant's possession, received from Stephens, through the intermediate grantees. (7.) It was not the grantors' duty to get the lease recorded; they did not have possession of the lease. The grantee of the estate created by the lease was the person for whose protection and by whom the lease should have been recorded. The object of the registry act is to protect third persons from the subsequent fraudulent acts and conveyances of the grantors, and not to give the grantee and his assigns and privies in estate, notice of the extent and quality of their own estates, as is claimed by the defendant in the case at bar.

*By the Court,* T. R. STRONG, J. It was admitted at the trial, that at the date of the lease the plaintiff had title to the demised premises for her life. This title was of course subject to the estate of her husband in the premises by virtue of the marriage, for their joint lives; and it is settled that in an action "for rent or other cause of action, accruing during the marriage, on a lease or demise or other contract relating to the land or other real property of the wife, whether such contract were made before or during the coverture, the husband and wife may join, or he may sue alone." (1 *Chit. Pl. 5th Am. ed.* 20. 1 *Roper on H. & W.* 213. *Reeve's Dom. Rel.* 131 *to* 133. *Decker* v. *Livingston,* 15 *John.* 479.) In this case the covenant to pay rent is in terms to both, which of itself is sufficient to entitle them to join in the action, although she did not execute the lease in such a manner as to be bound by it—the execution

Jacques *v.* Short.

of it not having been acknowledged by her. One effect of uniting the plaintiffs in the action was, that upon the death of the husband the interest in the cause of action survived to the wife, and no interest vested in the personal representatives of the husband. (1 *Chit. Pl.* 21. 1 *Roper on H. & W.* 212.) By uniting the wife, the husband signified an assent to give her such an interest in the cause of action. (1 *Roper on H. & W.* 213. *Reeve's Dom. Rel.* 132.) The statute (1 *R. S.* 747, § 21) giving to the executors or administrators of a person to whom rent shall have been due and unpaid at the time of his death, the same remedy by action for the arrears which the testator or intestate might have had if living, is not applicable; for the reason that the husband had vested the plaintiff with his interest, in the event of his death.

The defendant, by the conveyance to him of the premises, acquired all the interest of the original lessee therein and became in law an assignee of the lease. (*Provost* v. *Calder,* 2 *Wend.* 517. *Armstrong* v. *Wheeler,* 9 *Cowen,* 88. *Acker* v. *Witherell,* 4 *Hill,* 112.) As such he is liable on the covenant to pay rent. An assignee is liable on all covenants which run with the land, as covenants to repair, pay rent, &c., although not expressly named therein. (*Verplanck* v. *Wright,* 23 *Wend.* 506. *Allen* v. *Culver,* 3 *Denio,* 284. *Woodfall's L. & T.* 278.)

The defendant cannot claim any benefit from the omission to record the lease. He is chargeable with notice of the plaintiff's rights, as they fully appear in the chain of his own title.

The views presented cover all the points of the appellants, and in my opinion the judgment at special term should be affirmed.

Judgment affirmed.

[Cayuga General Term, June 4, 1855. *Selden, Johnson* and *T. R. Strong,* Justices.]