FREDERICK L. DURAND, Appellant, *v.* WILLIAM CURTIS, Respondent.

One G. held a lease from plaintiff, of a store in which he was doing business; the unexpired term was *over two years*. He entered into a copartnership agreement with defendant for the term of one year and one month. In the preliminary negotiations it was agreed by parol, that in consideration that G. should put the lease into the partnership, the rent for the whole unexpired term should be regarded as a partnership liability and as one of the debts created on account of the firm. By the written agreement it was stipulated that each partner should be equally liable for " all debts and liabilities suffered or created by or on account of" the firm business. No mention was made in this agreement of the

lease. The firm continued business for about eight months and then dissolved and soon thereafter the business was assigned to another, who went into possession. In an action to recover an installment of rent, accruing more than a year after the formation of the partnership, *held*, (REYNOLDS and JOHNSON, CC., dissenting), that defendant was not liable; that he was not liable as assignee of the lease, for the reason that such liability, if it ever existed, continued so long only as the privity of estate continued, and ceased upon the transfer and surrender of possession; that the rent could not be made a firm debt by parol agreement, as such a term could not be created or assigned by parol (2 R. S., 135, § 8), and that the agreement to pay the rent for the whole time was void, as by its terms it could not be performed within a year. (2 R. S., 136, § 2.)

(Argued September 24, 1873; decided January term, 1874.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, affirming a judgment in favor of defendant, entered upon the report of a referee.

This action was brought to charge defendant with certain installments of rent reserved in a lease from plaintiff of a store in the city of Rochester.

The referee found among other things:

That on or about the 6th day of June, 1865, the plaintiff demised to Edward P. Gould, Charles F. Butts and Sarah E. King, composing the firm of E. P. Gould & Co., store 110 Buffalo street, in the city of Rochester, and the fixtures, for the term of three years from the first day of April then last past, ending on the last day of March, 1868, for the yearly rent of $700, to be paid in equal monthly payments in advance; that the said E. P. Gould & Co., entered upon and continued in the use and occupation of said premises until about the 5th day of January, 1866, when Butts sold, assigned and transferred, in writing, to Gould all his interest in the property of the firm, and Gould assumed all the debts and obligations of said firm, so far as they affected Butts; that about the last of February thereafter, said Sarah E. King, by a parol agreement, sold and transferred to Gould, all her interest in the business and partnership property, and

said lease and premises, and Gould remained in the sole possession of the premises and property, and about the same time a new partnership was formed and entered into by parol, between the defendant and Gould, for the purpose of continuing and carrying on the business; that Gould furnished and put into said new partnership, as his share of the capital stock, the goods, merchandise and property on hand, and also said lease; and defendant contributed an equivalent amount in money, and paid back to Gould one-half of the month's rent of said premises, which had been paid in advance, up to the first day of April thereafter, and Curtis assumed and agreed to pay one-half of the rent thereafter to accrue upon said lease, and to become jointly liable with said Gould therefor, as a part of the partnership liabilities; that the said partnership and the joint occupation of said premises under said arrangement, commenced on the 1st day of March, 1866, and on the third day of March, articles of copartnership were drawn up and signed, in and by which the duration of the partnership was limited to one year from the first day of April then next; that said partnership continued to the 5th day of December, 1866, when Gould, in writing, assigned and transferred to defendant, all his interest in and to all the property of the firm, defendant agreeing to assume personally all the debts and obligations of the firm; that Gould then left said premises in the sole occupation of defendant; that defendant continued to occupy said premises and carry on the business until about the 27th of December, 1866, when he sold out to one B. A. Cox, and Cox agreed to assume all the obligations of defendant under said lease; that thereupon Cox entered into the possession and occupation of the premises to carry on the business, until the first part of February, 1867, when he sold out to the firm of Hamlin, Harrison & Co., and delivered over the possession and occupation of said premises to them, with the knowledge and assent of the plaintiff; that the rent of said premises as it accrued after the execution of said lease was fully paid to the plaintiff, by the occupants thereof, from time to time, up to the 1st day of December, 1867, prior to

which Hamlin, Harrison & Co. had failed in business and abandoned said premises. Further facts appear in the dissenting opinion of REYNOLDS, C.

*Frederick L. Durand*, appellant in person. It was competent to show by parol that the words "suffered or created" referred to a firm debt created before the articles were signed. (*Agawam Bk.* v. *Strever*, 18 N. Y., 502, 508, 509 ; *Walrath* v. *Thompson*, 4 Hill, 200 ; *Haigh* v. *Brooks*, 10 Ad. & El., 309 ; *Blossom* v. *Griffin*, 3 Kern., 569.) The parol agreement, in respect to the lease, being consistent with and separable from the written articles, and antecedent thereto, was not superseded by, but may co-exist with them. (*Renard* v. *Sampson*, 12 N. Y., 566 ; *Beach* v. *R. and Del. B. R. R. Co.*, 37 id., 461.) Defendant is liable under the partnership agreement. (*Smith* v. *Tarlton*, 2 Barb. Ch., 336 ; *Chester* v. *Dickerson*, 52 Barb., 350 ; *Freeman* v. *Freeman*, 51 id., 306 ; Wil. Eq. Jur., 283, and cases cited, 285 ; *Lowry* v. *Tew*, 3 Barb. Ch., 431.) The lease having been assumed by the members of the firm as a partnership debt for a valuable consideration, this action will lie. (*Lawrence* v. *Fox*, 20 N. Y., 268 ; *Burr* v. *Burr*, 24 id., 180 ; *Van Schaick* v. *Third Ave. R. R. Co.*, 38 id., 346 ; *Secor* v. *Lord*, 3 Keyes, 525 ; *Barker* v. *Bucklin*, 2 Den., 45 ; *Port* v. *Jackson*, 17 J. R., 227 ; *Martin* v. *Connor*, 43 Barb., 526 ; 2 Hilt., 3.) The referee erred in deciding that there was a surrender of the lease by operation of law or otherwise. (Taylor's L. & T., §§ 436, 438 ; 2 Platt on Leases, 353, 354, and authorities cited ; Woodfall's L. and T., 346 ; *Walton* v. *Cronley*, 14 Wend., 64 ; *Port* v. *Jackson*, 17 J. R., 239 ; *House* v. *Burr*, 24 Barb., 525 ; *Whitney* v. *Meyers*, 1 Duer, 266 ; *Damb* v. *Hoffman*, 3 E. D. S., 361.)

*James C. Cochrane* for the respondent. Plaintiff could not maintain an action on the agreement between defendant and Gould. (*Garnsey* v. *Rogers*, 47 N. Y., 233 ; *Van Rensselaer* v. *Penniman*, 6 Wend., 569.)

EARL, C. The defendant cannot be held liable for the rent claimed as assignee merely of the lease. If he became such assignee, he had assigned the term and transferred the possession of the premises long before this rent accrued; his liability as assignee continued only so long as the privity of estate continued; and when that ceased his liability ceased. (*Jacques* v. *Short*, 20 Barb., 269; *Davis* v. *Morris*, 36 N. Y., 569; *Astor* v. *L'Amoreux*, 4 Sandf., 524; *Carter* v. *Hammett*, 18 Barb., 608.)

He can, therefore, be made liable for this rent only upon the theory that he in some form assumed to pay it. He and Gould formed a copartnership, the agreement in reference to which was reduced to writing on the 3d day of March, 1866. The partnership was to commence March 1, and continued for one year from April 1, 1866. It was provided that each partner was to put into the business, as capital, $4,000, and that each should be equally liable for " all debts and liabilities suffered or created by or on account " of the firm business. The lease was not mentioned in the written agreement; and if we look to that alone, the firm was bound to pay the rent only during the term of the partnership. Further than that, the rent was not a partnership debt. But it is claimed, on the part of the plaintiff, that during the negotiation for the formation of the partnership, it was agreed, by parol, between Gould and defendant that, in consideration that the former would put the lease into the partnership, the rent should, for the whole term of the lease, be regarded as a partnership liability, and that hence each member of the firm became equally liable for it, under the written agreement, as one of the debts created on account of the firm business. Or, in other words, the claim is that the rent for the whole term became a firm debt, by this parol agreement. I cannot assent to this claim. The balance of the term was for more than two years, and such a term could not be created or assigned by parol. (2 R. S., 135, § 8.) Neither could the defendant or the firm legally agree, by parol, to pay the rent for the whole term, as such an agreement could not, by its

terms, be performed within a year. (2 R. S., 136, § 2.) No effect can, therefore, be given to the alleged parol agreement. And as there was nothing in the written partnership agreement as to the rent, such rent did not become a partnership debt or liability. Hence, this rent was not a liability which the defendant assumed by the agreement of December 5, 1866, whereby he took the firm property and agreed to pay the firm debts.

I can, therefore, perceive no theory upon which the defendant can be held liable for the rent claimed; and the judgment must be affirmed, with costs.

REYNOLDS, C. (dissenting). On the 6th of June, 1865, the plaintiff demised certain premises in Rochester to Edward P. Gould, Charles F. Butts and Sarah E. King, comprising the firm of E. P. Gould & Co., for the term of three years from the preceding first day of April, at an annual rent of $700, payable monthly in advance. The lessees went into possession and so continued transacting their business until the 5th of January, 1866, when Butts transferred, by writing, all his interest in the firm to Gould, and Gould assumed all the debts of the concern, so far as they affected Butts. Gould & King then continued the business and possession of the demised premises until the last of February following, when King sold and Gould purchased, by parol, all her interests in the partnership business and property, " and the said lease and premises," Gould paying a consideration and assuming the liabilities of the firm, including rent of the premises under the lease and the performance of all its covenants on the part of the lessees. Thereafter the sole possession of the property and the management of the business was left with Gould, and he, thereupon, formed a partnership with the defendant Curtis, and they for a time continued the business under the name of Gould & Curtis. Gould put in as his share of the capital stock the merchandise and property of the late firm of Gould & King, and also the said lease, and the defendant Curtis contributed an

equivalent in money, and paid back to Gould one-half of the month's rent due on the first of April following, which had been paid in advance; and the defendant Curtis assumed and agreed, upon an adequate consideration, to pay one-half of the rent thereafter to accrue upon the lease, and to become jointly liable with Gould therefor as a part of the partnership liabilities. This partnership was formed, and the joint occupation commenced on the 1st of March, 1866, and on the third of that month formal articles were made in which the term was limited to the 1st of April, 1867. It did not, however, last so long, for on the 5th of December, 1866, Gould sold out to Curtis, who in turn assumed all the obligations of the firm, retaining the possession, and continued the business until the twenty-seventh of the same month, when he sold out to B. A. Cox, who assumed all the liabilities of Curtis, and he went into possession and went on with the business until the following February, when he sold out to Hamlin, Harrison & Co., and with them the mutations of this constantly dissolving firm appears to have reached an untimely end. While the transfer of Cox to Hamlin, Harrison & Co. was made with the knowledge and assent of the plaintiff, and he afterward expressed the opinion that they were "the right kind of men," which was so far justified that they paid the rent up to the 1st of December, 1867, they, prior to that date, failed in business and abandoned the premises, and since that time no rent under the lease has been paid the plaintiff.

In July, 1867, during the occupation of Hamlin, Harrison & Co., they, in consideration of fifty dollars applied on the rent of the premises, gave up to the plaintiff the second floor thereof, and consented to the removal of the stairs between the two stories, the closing up of a hatchway and the taking away of a fall used in connection with the store below. This was done without the consent of defendant or any of the prior occupants under the lease, and the plaintiff took possession of the second floor, divided it by partitions and rented it to other tenants and collected the rents therefor during the residue of the original term; and the referee finds: "And so the plain-

tiff recognized and accepted said Hamlin, Harrison & Co. as, and they became his tenants of the said demised premises in the place and stead of said original lessees and their assignees, and he treated and dealt with them as such."

I think it can be easily demonstrated that the referee was right in holding that the defendant would have been liable for the rent but for the supposed surrender, which, as is said, was effected "by operation of law." He appears to have been bound by both privity of contract and estate. The obligations under the lease, to my mind, were a part of the obligations of Gould and Davis which the defendant, upon dissolution, personally assumed. It is not enough to say, as the learned judge at General Term did, that this was not the debt of the firm, as it became due long after the firm had been dissolved. The obligation to pay the rent to the full end of the term of the lease, was created when the firm was formed and still exists, if not in some legal form discharged. If the defendant had remained in possession until the end of the demised term, it does not appear to me that his liability for the rent, ought to be questioned. The plaintiff might maintain his action upon the agreement to pay the debts of the firm, of which the obligations under the lease was unquestionably one. (*Lawrence* v. *Fox*, 20 N. Y., 268; *Van Schaick* v. *Third Ave. R. R. Co.*, 38 N. Y., 346.) There was in the lease, an express covenant to pay the rent by the lessees; and their assignee direct or remote going into possession of the demised premises, upon a valid agreement to discharge all the obligations to the landlord would be bound, by privity of estate, to pay rent as long as he should remain in possession and by privity of contract, until his liability should be in some legal form discharged.

It is very clear, I think, that the defendant was not in this case discharged from liability, unless it resulted from a surrender of the premises to the plaintiff by operation of law, it not being claimed that the original lessees or the defendant have done or authorized the doing of any act amounting to a surrender of the demised term. Ordinarily a surrender

implies the giving up the whole of the demised estate and the absolute determination of the relation of landlord and tenant, and this may result in various ways. In this case the actual surrender was of a part only of the demised property, and as to the residue the lease continued operative unless affected by circumstances hereafter to be considered. If a lessee for years accepts a new lease of a part of the same land, it operates as a surrender of a part only and not of the whole, for the property demised may be divided; for the tenants as is said "may surrender one or two acres either expressly or by act in law, and yet the lease for the residue stands good and untouched." (2 Roll. Abr., 498; *Fish* v. *Champion*, 5 Bacon,. 1 Abr. [Bouvier's ed.], 666.)

The finding of the referee that the plaintiff accepted Hamlin, Harrison & Co. as tenants in place and stead of the original lessees and their assignees, is, I think, founded solely upon the fact that under the arrangement before referred to, the plaintiff took possession of the second story of the building leased, to make some alterations, and afterward let rooms to other tenants. If this be so it did not justify a finding of law that there had been a total surrender. Upon a careful examination of the evidence, I find nothing else to support such a finding, other than that the plaintiff received the current rent from Hamlin, Harrison & Co. as he had done from all prior occupants of the premises. The circumstance of accepting rent from the assignee of a lease, does not discharge the lessee, for it is nothing more than accepting the payment of rent through the hand of another. (*Brewer* v. *Dyer*, 7 Cush., 337; *Bedford* v. *Terhune*, 30 N. Y., 453; 1 Wash. on Real Property, book 1, chap. 10, § 7, p. 479 [3d. ed.].)

I am, therefore, of the opinion that it was error to order judgment for the defendant. The plaintiff should have recovered the proportionate share of the rent due for the portion of the premises not surrendered. The surrender of the second story to the plaintiff did the defendant no injury, but in fact inures to his benefit. If he had desired to reoccupy the premises after the failure of Hamlin, Harrison & Co.,

and had been refused the possession of all of the premises covered by the lease, some different, and perhaps difficult, questions might have arisen.

A new trial should be granted.

For affirmance, LOTT, Ch. C., EARL and GRAY, CC.

For reversal, REYNOLDS and JOHNSON, CC.

Judgment affirmed.