SARAH MATILDA MYGATT et al., as Trustees, etc., Respondents, *v.* GEORGE S. COE, Appellant.

1. COVENANTS IN DEED — PRIVITY OF ESTATE. Privity of estate is essential to carry covenants of warranty and quiet enjoyment to subsequent grantees in order to support a right of action by them against the original covenantor, when there is an eviction by paramount title.

2. POSSESSION OF LAND — PRIVITY OF ESTATE. Legal possession of land, though the lowest interest or title that a person can have, is an estate therein, capable of being conveyed, and when conveyed creates a sufficient privity of estate between grantor and grantee to carry the covenants of warranty and quiet enjoyment through successive conveyances to a remote grantee.

3. PRESUMPTION AS TO POSSESSION OF LAND — HUSBAND AND WIFE. The presumption is that the legal possession of land follows the ownership, and where husband and wife are living on her premises she is presumed to have the legal possession exclusive of the husband's possession, unless there is something to show the contrary.

4. WIFE'S SURRENDER OF POSSESSION TO HUSBAND. There must be a surrender by a wife to her husband of some interest or dominion over her real property by some act or agreement on her part, express or implied, which will take from her at least some right or incident ordinarily pertaining to the absolute ownership of real estate, in order to give him any legal possession of her premises on which they live together.

5. POSSESSION OF LAND — COVENANTS UPON CONVEYANCE. The legal possession of land which is sufficient to carry the covenants upon a conveyance must be a right or interest in the nature of property, valid at all events against all extraneous intrusion and capable of the same kind of transfer and devolution as other property.

6. EVIDENCE AS TO HUSBAND'S POSSESSION. Evidence that a man lived with his family on his wife's premises; that while there he paid some small bills for repairs; and that on one occasion the taxes on the property were paid with his personal taxes in one payment by some one not identified by the testimony, is insufficient to show that the husband had any legal pos-

session of the premises which can support his covenants of warranty and quiet enjoyment in a deed of the premises made by his wife and himself as grantors.

7. RECEIPT OF CONSIDERATION BY HUSBAND — EVIDENCE. A witness may be asked whether or not he received any part of the consideration paid for and expressed in a deed of his wife's premises with covenants of warranty and quiet enjoyment in which he joined as grantor and covenantor, where the issue is as to his possession of the premises; since the evidence may have some bearing on that issue and does not tend in any just sense to contradict or vary any right or liability depending upon the terms of the instrument.

8. COVENANT RUNNING TO HEIRS AND ASSIGNS. The fact that a covenant runs to the grantee, "his heirs and assigns," does not dispense with the necessity of privity of estate in order to carry the covenants with the land, and the mere employment of these words will not make a covenant, which in its nature or otherwise is personal, run with the land.

9. GRANTOR'S LACK OF TITLE — EFFECT ON COVENANT. The circumstance that a woman had no title to land which she assumed to convey by a deed in which her husband joined has no force when determining the nature and character of the covenants in relation to the husband's liability thereon by reason of possession; but that question must be determined as if she had title.

*Mygatt* v. *Coe* (124 N. Y. 212); *S. C.* (142 N. Y. 78), followed.
*Mygatt* v. *Coe* (83 Hun, 612), reversed.

(Argued May 28, 1895; decided November 26, 1895.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made December 14, 1894, which affirmed a judgment in favor of plaintiffs entered upon the decision of the court on trial at Circuit.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Joseph H. Choate* for appellant. The defendant never was in possession of the premises in question, and there is consequently no sufficient privity of estate to carry the covenants with the land. (*Stanley* v. *N. U. Bank*, 115 N. Y. 124; *T. N. Bank* v. *Guenther*, 123 N. Y. 569; *Frantz* v. *Ireland*, 66 Barb. 386; *Jones* v. *Chapman*, 2 Exch. 821; Lightwood on Poss. of Land, 16, 37; *Lyall* v. *Kennedy*, L. R. [18 Q. B. D.] 813; 142 N. Y. 87; *Bunker* v. *Rand*, 19 Wis. 254;

58

*Swift* v. *Agnes*, 33 Wis. 230; *Redfield* v. *U. & S. R. R. Co.*, 25 Barb. 54; *Booth* v. *Small*, 25 Iowa, 178; Pollock & Wright on Possession, 14, 30, 126; 2 Bouvier Law Dict. 435; 2 Rapalje & Lawrence Dict. 977; Civil Code of Louisiana, art. 3399; *Fowler* v. *Poling*, 2 Barb. 300; *Hardenburgh* v. *Crary*, 50 Barb. 32; *Knapp* v. *Smith*, 27 N. Y. 278; *Tredwell* v. *Reddick*, 1 Ired. [N. C.] 56; *Williams* v. *Buchanan*, 1 Ired. [N. C.] 535; *Bynum* v. *Carter*, 4 Ired. [N. C.] 310; *Morrison* v. *Kelly*, 22 Ill. 610.) The defendant should have been allowed upon the trial to show that he received no part of the consideration expressed in the deed to Nancy Fisher. (Code Civ. Pro. § 840; *Wilson* v. *B. E. Soc.*, 10 Barb. 308; 1 Greenl. on Ev. [14th ed.] § 285; Best on Ev. 202; *Shephard* v. *Little*, 14 Johns. 210; *Bowen* v. *Bell*, 20 Johns. 338; *M'Crea* v. *Purmort*, 16 Wend. 460; *Bingham* v. *Weiderwax*, 1 N. Y. 509; *Barnum* v. *Childs*, 1 Sandf. 58; *Stoughton* v. *Lynch*, 2 Johns. Ch. 210; *Huntington* v. *Havens*, 5 Johns. Ch. 22.) The defendant cannot be held liable simply because his covenant was with the grantee, her heirs and assigns. (Rawle on Cov. [5th ed.] §§ 2, 203; *Spencer Case*, 5 Coke, 16; *Lougher* v. *Williams*, 2 Levinz, 92; *Hyde* v. *Windsor*, Cro. Eliz. 552; *Norcross* v. *James*, 140 Mass. 188; *Keppel* v. *Bailey*, 2 M. & K. 517; Dart on Vendor & Purchaser [5th ed.], 777, 778; Sugden on Vendors, 577, 578; *Spencer's Case*, Smith's L. C. 184; *Slater* v. *Rawson*, 1 Metc. 450; *Hurd* v. *Curtis*, 19 Pick. 459; *Jacques* v. *Short*, 20 Barb. 269; *Dinman* v. *Prince*, 40 Barb. 213; *Andrews* v. *Appel*, 22 Hun, 430; *P. Ins. Co.* v. *C. Ins. Co.*, 87 N. Y. 401; *Clark* v. *Devoe*, 124 N. Y. 120; *Dexter* v. *Beard*, 130 N. Y. 549, 124 N. Y. 214; 142 N. Y. 87; *Nye* v. *Hoyle*, 120 N. Y. 203; *Coleman* v. *Bresnaham*, 54 Hun, 622; *Hart* v. *Lyon*, 90 N. Y. 663; 11 Am. Law Reg. 198.) Even if it be held that the covenants ran with the land, these plaintiffs cannot take advantage of them. (*Union College* v. *Wheeler*, 61 N. Y. 118; *Calkins* v. *Calkins*, 3 Barb. 305, 312; *Bryan* v. *Butts*, 27 Barb. 503; *Astor* v. *Hoyt*, 5 Wend. 603, 615; *Town* v. *Needham*, 3 Paige, 546; *Andrews* v. *Wolcott*, 16 Barb. 22; Rawle on Cov. [4th ed.] 313.)

*Edward M. Grout* for respondents.   There is sufficient and uncontradicted evidence to sustain the various findings of possession.   (*Hardenburgh* v. *Crary*, 50 Barb. 32 ; *Knapp* v. *Smith*, 27 N. Y. 277 ; *Alexander* v. *Hard*, 64 N. Y. 228 ; *Pope* v. *Hanmer*, 74 N. Y. 240, 245 ; *Churchill* v. *Onderdonk*, 59 N. Y. 134 ; *Frantz* v. *Ireland*, 66 Barb. 386, 389 ; *Mygatt* v. *Coe*, 142 N. Y. 84 ; *Hudson* v. *R.*, *W. & O. R. R. Co.*, 145 N. Y. 408.)   These findings being supported by the evidence, this court will not disturb the judgment.   (Code Civ. Pro. § 1337 ; *Keasbey* v. *B. C. Works*, 142 N. Y. 467 ; *Dean* v. *Raplee*, 145 N. Y. 319, 327.)   The possession thus shown conforms to the recognized definitions of the term. (*Williams* v. *Buchanan*, 1 Ired. [N. C.] 540 ; *Mayor, etc.,* v. *Park Comrs.*, 44 Mich. 603 ; *Brown* v. *Volkening*, 64 N. Y. 80 ; *Bacon* v *Sheppard*, 6 Halst. 197 ; *Churchill* v. *Onderdonk*, 59 N. Y. 136 ; *Sunol* v. *Hepburn*, 1 Cal. 263 ; *Coryell* v. *Cain*, 16 Cal. 573 ; *Alexander* v. *Hard*, 64 N. Y. 228 ; *Slater* v. *Rawson*, 6 Metc. 439 ; *Mygatt* v. *Coe*, 142 N. Y. 87 ; 124 N. Y. 221 ; *Harsha* v. *Reid*, 45 N. Y. 415.)   The exclusion of the evidence offered to contradict the recital of the defendant's deed was proper.   The defendant is estopped from denying that he received some consideration.   (*Stackpole* v. *Robbins*, 47 Barb. 219 ; *Hebbard* v. *Haughian*, 70 N. Y. 54 ; *Barnum* v. *Childs*, 1 Sandf. 62 ; *M'Crea* v. *Purmort*, 16 Wend. 460 ; Gerard on Titles [3d ed.], 508.)   The defendant is liable to the plaintiffs by force of the words "heirs and assigns" in his covenants, as a matter of clear intention and of valid contract made for the plaintiffs' benefit, and the defendant is now estopped from claiming otherwise.   (*Mygatt* v. *Coe*, 142 N. Y. 87 ; *Dexter* v. *Beard*, 130 N. Y. 549 ; *Clark* v. *Devoe*, 124 N. Y. 120 ; Pars. on Cont. chap. 2, § 1 ; 3 Washb. on Real Prop. [5th ed.] 6, § 2 ; *Beddoe* v. *Wadsworth*, 21 Wend. 120 ; *Nye* v. *Hoyle*, 120 N. Y. 195 ; *Coleman* v. *Bresnaham*, 54 Hun, 619 ; *Andrews* v. *Apple*, 22 Hun, 429 ; *Colby* v. *Osgood*, 29 Barb. 339 ; *Ernst* v. *Parsons*, 54 How. Pr. 163 ; *Boyd* v. *Belmont*, 54 How. Pr. 513 ; *Priess* v. *Le Poidevin*, 19 Abb. [N. C.] 123 ;

*Hart* v. *Lyon*, 90 N. Y. 663; 1 R. S. 748, § 2; *Lawrence* v. *Fox*, 20 N. Y. 268; *Gifford* v. *Corrigan*, 117 N. Y. 257, 262–265; *Van Schaick* v. *T. A. R. Co.*, 38 N. Y. 346; *Barlow* v. *Myers*, 64 N. Y. 41; *Hand* v. *Kennedy*, 83 N. Y. 149; *Thompson* v. *Simpson*, 128 N. Y. 270, 286; *House* v. *McCormack*, 57 N. Y. 310; *Tefft* v. *Munson*, 63 Barb. 31; *White* v. *Patten*, 24 Pick. 324; *Trull* v. *Eastman*, 3 Metc. 121–124.)    The defendant's liability is to the plaintiffs. (*Rector* v. *Mack*, 93 N. Y. 488; *Mygatt* v. *Coe*, 124 N. Y. 240; 142 N. Y. 88, 89.)

O'BRIEN, J.    The persistence of the parties to this litigation and the nature of the questions involved brings it here for the third time for review.    The facts and the law involved in the controversy have been so fully spread upon the records of the court on former appeals, first in the Second Division and subsequently here, that they are all quite familiar and require but a very brief statement.    (*Mygatt* v. *Coe*, 124 N. Y. 212; *S. C.*, 142 N. Y. 78.)    The action was to recover damages for an alleged breach of the covenants of warranty and quiet enjoyment contained in a deed of certain real estate in Brooklyn, made on the 12th of April, 1867, by the defendant's wife, since deceased, to Nancy Fisher, and in which the defendant joined.    It contained the usual covenants of warranty and for quiet enjoyment and was so drawn as to appear to be the act of both husband and wife.    About two years afterwards, the grantee, Mrs. Fisher, mortgaged the premises to the plaintiffs to secure the payment of a loan of $15,000. This mortgage was subsequently foreclosed and plaintiffs took the deed upon the sale, and it is conceded that there was an eviction, there being no dispute about the fact that neither the defendant nor his wife had any title to the property at the time of the conveyance.    The deed, however, was given in good faith, in the belief on their part that the title was good.

The defendant's wife, Almira S. Coe, purchased the property July 15, 1858, for a valuable consideration, and took the deed in her own name from a party then in possession, as she

supposed, under good title. She immediately went into pos-
session, and, with her husband, lived in the house until the
conveyance to Nancy Fisher, who also went into possession,
and conveyed the same, subject to the plaintiffs' mortgage,
and her remote grantee, one Leavitt, was ejected by a judg-
ment of the court, November 30, 1878, which adjudged that
at the time of the deed of defendant and his wife to Mrs.
Fisher, title paramount was in the heirs of one Howell. The
case had always involved in it a narrow question of law,
depending on a narrow question of fact, and the difficulty has
been, first, to determine the nature and character of the proofs
necessary to establish the fact, and then to apply the law to
a case resting upon some peculiar features.

There is no question about the fact that as to Mrs. Coe, the
defendant's wife, the covenants were broken. The sole ques-
tion is in regard to the liability of the defendant, her husband,
also, since he joined in and made himself a party to the deed.
The deed which Mrs. Coe supposed gave her good title, and
under which she went into possession, ran to her alone, and
under the *habendum* clause she was to have and to hold the
estate granted for her sole and separate use, the same as if she
was unmarried, free from all control or power of disposition
in her husband. When she conveyed the estate so held by
her the husband, as we have seen, joined in the deed, and the
question, in its broadest sense, is whether this subjects him to
liability by reason of the failure of the title which his wife
assumed and covenanted that she had and could convey. If
this was a mere personal covenant only, running to the imme-
diate grantee, and enforceable by him alone, and not a cove-
nant that attached to and ran with the land, passing by the
successive deeds to the plaintiffs with the land, then it is
admitted that the action cannot be maintained, since it is not
claimed that the plaintiffs have any assignment of it, other-
wise than through their deed. It must be regarded as
the law of this case that privity of estate is essen-
tial to carry covenants of warranty and quiet enjoyment
to subsequent grantees in order to support a right of

action by them against the original covenantor, when there is an eviction by paramount title. It was so held by a majority of the Second Division when the case was there, and we felt constrained, when the case was here, to follow that doctrine. (142 N. Y. 82.) The origin of that rule, the reasons upon which it rests and its force as a recognized legal principle, are all elaborately discussed in the opinions on the former appeals, and it can serve no useful purpose to resume the discussion. The dissenting opinion of Judge Bradley, who spoke for the minority on the first appeal, is a clear and forcible argument in support of the view that any covenant made by a stranger to the title, but for the benefit of the land, which relates to the estate and tends to enhance its value, attaches to the land as a part of the estate and passes by the grant. The distinction between personal covenants in deeds and those which run with the land was made at a time when, by the common law, choses in action were not assignable, and this circumstance doubtless was an element in the process of reasoning through which the rule was established. Since choses in action are now assignable it may well be doubted whether the reason of the rule still exists in all its force. When a person, who is a stranger to the title, consents to become a party to the conveyance for the benefit of the land and in order to enhance the value of the estate conveyed, it is not difficult to suggest arguments based upon reason and justice for holding him to his stipulation in favor of a remote as well as an immediate grantee. But the law for this case, at least, seems to be settled otherwise, and doubtless according to the weight of authority, so that, in the language of Judge Finch, when the case was here before, " Reserving freedom of thought and action, when the case becomes a precedent only, we must here and now, in the same action, between the same parties, accept without criticism what has been decided." Another point has also been settled upon the former appeals, and that is, that legal possession of land, though the lowest interest or title that a person can have, is an estate therein, capable of being conveyed, and when con-

veyed creates a sufficient privity of estate between grantor and grantee to carry the covenants of warranty and quiet enjoyment through successive conveyances to a remote grantee. (142 N. Y. 78.) The trial court has found as a fact that the defendant was in possession at the time of the conveyance, and the case is thus narrowed to the inquiry whether that finding is supported by evidence.

There is really no evidence from which that fact could have been found unless such acts as grow out of the marital relations, and which must exist in every case where a husband lives with his wife in her house or upon her land, are to be deemed sufficient. It was shown that the defendant lived in the house with his family; that he paid while there some small bills for repairs; that on one occasion the taxes on the property and the defendant's personal taxes were paid in one payment, but by whom did not appear. The defendant denied that he had any right to or interest in the property of any kind whatever. If it is to be held that upon this state of facts the defendant had the legal possession of the property, and so an estate in it, that result must follow in every case where husband and wife live together on the wife's real estate. The presumption is that the legal possession follows the ownership of the land. Hence, it was necessary to show that the wife, by some act or agreement on her part, express or implied, had surrendered to the husband some interest in the property or dominion over it which necessarily took from her at least some right or incident ordinarily pertaining to the absolute ownership of real estate. The husband could acquire no estate capable of sale or conveyance, not even the lowest known to the law, without abridging to the same extent that of the wife. Whatever interest he gained she must have lost. The legal possession of land which is sufficient to carry the covenants upon a conveyance must be a right or interest in the nature of property, valid, at all events, against all extraneous intrusion and capable of the same kind of transfer and devolution as other property. It is difficult to conceive how two persons can have such a possession of the same thing at

the same time. The wife in this case certainly acquired such a possession upon the conveyance to her, and there was no evidence to warrant the conclusion that she had in any way transferred it to the husband. (*Stanley* v. *The Bank*, 115 N. Y. 124; *Bank* v. *Guenther*, 123 N. Y. 569; *Bunker* v. *Rand*, 19 Wis. 254; *Swift* v. *Agnes*, 33 Wis. 230; *Redfield* v. *U. & S. R. R. Co.*, 25 Barb. 54; *Beddoe's Exrs.* v. *Wadsworth*, 21 Wend. 124.)

All that was decided in the case of *Alexander* v. *Hard* (64 N. Y. 228) was that certain facts were shown which were competent to submit to the jury on the question whether the wife had in fact put the husband in possession. They were stated by the court in the opinion as follows:

" It appeared in evidence that the plaintiff had built the house on his wife's farm; that he moved his family into it, consisting of his wife and several children, and had lived there with his family for six years; during which time he testified, without objection, that he had been in possession of the house and had control of it. It further appeared that he operated the farm in his own name, owned the stock upon it, cultivated it and provided for his family.

" We think from these facts that the jury might well have inferred that his wife had put him in possession of the farm and consented to his building upon and occupying and cultivating it in his own name and on his own account, for the support of himself and the family."

It is scarcely necessary to say that there was no evidence in this case of such a character. So, we think, that there was no evidence to sustain a finding of any such possession in the husband as to carry to the plaintiffs the covenants of warranty and quiet enjoyment.

There is another question in the case which may arise upon a new trial and should, therefore, be noticed. The defendant was a witness in his own behalf and his counsel propounded to him the question whether he had received any part of the consideration· expressed in the deed which contained the covenant, and if so what part? This question was objected to

by the plaintiffs' counsel on the ground that the consideration is expressed in the deed. The court sustained the objection and the defendant's counsel excepted.

This question was not admissible to vary or contradict the terms or legal effect of the deed or the covenants, or on the question of damages. Whatever answer was given it could not affect the validity of the deed or the legal effect of the covenant. It would still remain his deed and his covenant, supported by a sufficient consideration, and binding upon him according to its nature and legal effect. The question, and the only question, was whether the covenant ran with the land, and that turned upon the vital issue of possession in the defendant at the time it was made, an independent fact not at all governed by the terms of the conveyance. This issue the court determined in favor of the plaintiffs, and the exclusion of any material or competent evidence offered by the defendant on that issue must be regarded as error. We think the question was competent since it had or might have had some bearing upon the issue of possession. The plaintiffs had the right to show and did show all the acts and dealings of the defendant in regard to the property, and it is just as clear that the defendant could explain or contradict such testimony. It would have been competent for either party on such an issue to show that the defendant received the rents and profits of the property during the time that the title stood in his wife's name, or the contrary, as the fact might be. So, also, it was competent for the plaintiffs to prove, if they could, that the defendant received the consideration or some part of it upon a sale of the house, since that fact would have some bearing upon his relations to the property. If, for example, he had received the consideration of $18,500 expressed in the deed, or some part of it, the presumption would be that he received it in virtue of some right to it or some interest or estate in the land, legal or equitable, and this fact the plaintiffs were permitted to prove by the recitals of the deed. The true meaning and effect of the ruling of the learned trial

59

judge was that the receipt by the defendant of the considera-
tion, or some part of it, upon the sale was conclusively estab-
lished by the recitals in the deed, and it was not open to the
defendant to contradict these recitals by showing that the fact
was otherwise. The question was not whether there was in
fact a consideration, for the conveyance, but who received that
consideration and that inquiry was open to the defendant, not
for the purpose of affecting the validity or construction of
the deed, but simply because it threw some light upon
the issue of possession which was collaterally involved in
the case. The deed or its recitals could not conclude
either party as to any fact bearing upon the question of
legal possession at the time that the covenant was made.
That being an issue entirely outside and independent of the
terms of the deed, any fact bearing upon it was open to all
competent proof, though there might be a recital in regard to
this fact one way or the other in the deed itself. A deed is
not conclusive evidence of every fact recited in it, and this is
especially true when that fact becomes material upon some
issue or question merely collateral or incidental to the deed.
The truth in such cases may be shown without any violation
of the rule which excludes parol proof to contradict or vary
the terms or legal effect of a written instrument. The writing
was never intended to embody or be evidence of the fact of
possession in any one when the covenant was made, nor of any
fact involved in or bearing upon that question. Certainly it
was not conclusive evidence. The proof offered did not tend
in any just sense to contradict or vary any right or liability
depending upon the terms of the instrument, but it had a
bearing upon another and independent fact to which the deed
was collateral. (*Wheeler* v. *Billings*, 38 N. Y. 263; *Van
Brunt* v. *Day*, 81 N. Y. 251; *Condit* v. *Cowdrey*, 123 N. Y.
463; 1 Greenlf. on Ev. sec. 87; Am. & Eng. Ency. of Law, vol.
7, p. 95, art. 92; *M'Crea* v. *Purmort*, 16 Wend. 460; *Baird*
v. *Baird*, 145 N. Y. 659.) It was upon that fact that the
nature and duration of the covenant, whether personal or
attaching to the land, depended. The writing was never

intended to be the repository of it or of any subordinate fact relating to the inquiry, and the defendant might prove it outside of the deed.

We do not think that the fact that the covenant in question ran to the grantee, "her heirs and assigns," is material. Whatever confusion may exist in the cases with reference to the use of these words, it is clear that they cannot dispense with some privity of estate in order to carry the covenant with the land, and it has never been held that a covenant which, in its nature or otherwise, is personal, is made to run with the land by the mere employment of these words. (Rawle on Cov. §§ 2, 203; *Norcross* v. *James*, 140 Mass. 188; Dart on Vend. & P. [5th ed.] 777, 778; Sugden on Vendors, 577, 578; *Hurd* v. *Curtis*, 19 Pick. 459; *Jacques* v. *Short*, 20 Barb. 269; *Andrews* v. *Appel*, 22 Hun, 430; *Clark* v. *Devoe*, 124 N. Y. 120; *Dexter* v. *Beard*, 130 N. Y. 549; *Mygatt* v. *Coe*, 142 N. Y. 78.)

The circumstance that the wife had no title when she conveyed has no force when determining the nature and character of the covenants. That question must be determined as if she had.

The judgment should be reversed and a new trial granted, costs to abide the event.

HAIGHT, J. (dissenting). On the 15th day of July, 1858, one Ebenezer L. Roberts conveyed to Almira S. Coe, the wife of the defendant, the premises in question. They were thereafter occupied by Mrs. Coe and the defendant as a family residence until 1867, at which time they both executed a deed purporting to convey the same to Nancy Fisher. The deed contained full covenants, including that of warranty, with an acknowledgment of the receipt of the consideration to them in hand paid. Possession was thereupon surrendered to Nancy Fisher, who thereafter executed and delivered to the plaintiffs a bond and mortgage to secure a loan of $15,000. The premises were subsequently conveyed to Fuller and then to Leavitt. In 1878 the Leavitts were ejected by a judgment of the court,

at the instance of parties claiming to be heirs of one Ephraim H. Howell, by title paramount to that of Roberts, the grantor of Mrs. Coe, which judgment was affirmed by this court. (*Dunning* v. *Leavitt,* 85 N. Y. 30.) The plaintiffs then foreclosed their mortgage, and, upon the sale, bid in the premises for a sum less than the amount owing to them, and a deficiency judgment for $2,000 was entered, which has never been paid. In November, 1881, the plaintiffs obtained an order opening the judgment in ejectment and permitting them to be added as parties defendant. Upon the trial, judgment went against them, which was subsequently affirmed in this court. (95 N. Y. 617.) This action was then brought against the defendant for breach of the covenants embraced in the deed of quiet enjoyment and of warranty, Mrs. Coe having in the meantime died. The plaintiff recovered upon the trial and the judgment came to this court for review. It was heard by the Second Division and reported in 124 N. Y. 212. The main question there considered was whether the defendant's covenants of warranty and quiet enjoyment ran with the land and were available by a subsequent grantee. It was held by a majority of the court that the defendant being a stranger to the fee, his covenants did not run with the land, and a new trial was ordered. Upon the re-trial judgment was entered for the defendant, but upon the findings of fact that at the time of making the conveyance the defendant was in possession of the property, consisting of a plot of land with a dwelling house thereon, being there domiciled and residing with his family; and that upon the execution and delivery of the deed the defendant moved out of the premises and surrendered them to the grantee, who thereupon went into possession of the same. Upon the second review in this court these findings were considered in connection with the acknowledgment in the deed that the consideration was " to them in hand paid," being both the defendant and his wife, together with the provision in the covenant running to " heirs and assigns." It was then determined that the defendant, being in possession of the land, had an

estate which he could convey, and having transferred the same with the covenants named to a grantee, his heirs or assigns, and receiving some part of the consideration, the covenants would be deemed to run with the land. Another trial was had resulting in a judgment for the plaintiff. The facts as now found are as follows: "Prior to the said conveyance the defendant had incurred and paid charges for maintaining said premises and keeping the same in repair; that he had also paid the taxes thereon in the years 1864 and 1865; that at the time of the said conveyance he was in control and had dominion over the said premises and exercised acts of control and dominion; that at the time of the said conveyance the said Almira S. Coe resided in said premises with her husband, the defendant, as a member of his family; that when the said conveyance was so made and delivered, the defendant was in possession of the said real property, consisting of a plot of land with a dwelling house thereon, being there domiciled and residing with his family; that upon the execution and delivery of the said conveyance the defendant moved out of the said premises and surrendered the same to the said grantee, who thereupon went into the possession thereof." It is thus apparent that, upon the law as heretofore determined by this court, the judgment now entered must stand if these findings are sustained. Exceptions have been filed which call them in question and require us to determine whether there is any evidence to sustain them. Several witnesses testified that they were acquainted with the defendant and that he lived on the premises in question with his wife and family for a number of years; that when he moved out Mrs. Fisher moved in. Other witnesses testified that the defendant ordered and paid for plumbing in the house and repairs thereon from time to time; that he paid the taxes during the years 1864 and 1865, and exercised control and dominion over the premises. This is, in substance, the evidence, and it is not controverted. Does it sustain the findings and establish such a possession as

amounts to some privity of estate? We confess that the
question presented is a close one and may not be free from
doubt. At common law there could be no question but
that the defendant would be liable upon his covenants, for,
in the real property of the wife the husband ·had an estate
during coverture, and also during his life, if there was
isssue of the marriage. (*Knapp* v. *Smith*, 27 N. Y. 277.)
Under the Married Women's Acts of 1848 and 1849,
the wife took absolute title to her real property as
though she were unmarried and no estate vested in the
husband during coverture. He still may have, however,
an estate during life if there be a child of the marriage
born alive, but this may be cut off by a conveyance by
the wife during her lifetime. The husband still remains
the head of the family, in duty bound to support his wife
and children and furnish them a suitable home or house in
which to reside. He may, with the consent of his wife, live
upon the premises owned by her, he may work the farm,
raise crops thereon, may own, care for and raise cattle, and
build a house thereon, and where this is done with the con-
sent of the wife it may be inferred that he has been put into
possession by her, and being in possession could maintain
an action for trespass. (*Alexander* v. *Hard*, 64 N. Y. 228.)
Where a party enters on woodland and cuts wood and does
other acts thereon as owner, he thereby becomes seized of
the land as against every one but the true owner, though
his acts do not constitute the disseizin of such owner, and
if he conveys by deed, his possessory title passes to his gran-
tee and his covenant of warranty would run with the land and
he becomes answerable thereon to his grantee's assignee if
ousted by the true owner. (*Slater* v. *Rawson*, 6 Metc. 439.)
Possession of lands means a foothold, an actual entry, a pos-
session in fact, a standing upon it, an occupation of it.
(*Churchill* v. *Onderdonk*, 59 N. Y. 134–136.) It is denoted
by the exercise of acts of dominion over it, in making the
ordinary use of and taking the ordinary profits from it, caring
for it, having it in one's power and under his control. (*Brown*

v. *Volkening*, 64 N. Y. 80 ; *Williams* v. *Buchanan*, 1 Ired.
Law [N. C.], 535–540.) Sole and exclusive possession we do
not understand to be necessary. Privity of estate may exist
where the possession is joint. The defendant may have had
a joint possession with his wife, and this has some support in
the fact that they joined together in the covenants providing
that they shall extend to the heirs and assigns of the grantee,
thus apparently intending that it should run with the land.
(*Mygatt* v. *Coe*, 142 N. Y. 78–87.) Some criticism was made
by the counsel for the appellant in reference to the language
used in that opinion, as to the effect of the words "heirs and
assigns," that if there was privity of estate the covenants
would run with the land without the words and that their use
in this connection was mere surplusage. This may be so, still
the fact exists that they were used, and being used, tend to
make more clear and certain the meaning and intention of
the covenantors. The defendant doubtless supposed that his
wife had title to the premises. It turned out, however, that
she had only a color of title. (*Howell* v. *Leavitt, supra*.)
The only estate she in fact had was that of possession and
this she had with her husband.

Upon the whole case, from the fact that he lived on the
premises with his wife and family ; that he exercised control
and management thereof, ordered and paid for the plumbing
and repairs, paid the taxes, joined in the deed and the cove-
nants running to the heirs and assigns of the grantee and
received some part of the consideration, we are inclined to
the view that we cannot say, as a matter of law, that the find-
ings are wholly without evidence to sustain them, and that the
defendant intended his deed to be an idle ceremony of no
force and effect. It would rather seem that he then thought
he had some interest or estate that he could convey.

An exception was taken by the defendant to the exclusion
of the evidence offered by him, to the effect that he received
no part of the consideration expressed in the deed. In this,
we think, there was no error. The deed was an executed
instrument under seal. It was doubtless competent for him

to show that the consideration was less or different from the amount recited, or to otherwise explain it, but he was estopped from showing that it was executed without any consideration for the purpose of invalidating the instrument. The covenants in a deed are material parts thereof, and if they are dependent on consideration the effect of the evidence offered would be to invalidate them. This cannot be done by parol evidence. To permit it would be to deprive subsequent grantees of rights acquired in good faith, relying upon the covenants of the grantors and his acknowledgment of having received a good consideration therefor. (*M'Crea* v. *Purmort*, 16 Wend. 460; *Stackpole* v. *Robbins*, 47 Barb. 212–219; *S. C.*, affirmed, 48 N. Y. 665; *Hebbard* v. *Haughian*, 70 N. Y. 54–59.)

We have thus far considered the case upon the assumption that privity of estate is essential in order to cause the covenants to run with the land, and we do not now intend to question the correctness of the determination of the Second Division to the extent that the covenants of a stranger to the fee made without consideration do not run with the land. Whilst conceding this, we are unwilling to hold that an agreement may not be made, even by a stranger based upon proper consideration, to warrant and defend the title of the grantee and those that shall follow him. In many of our cities searching and guaranteeing companies have been organized for this very purpose. Such companies are strangers to the title, and have no privity of estate, but for a consideration they undertake to defend the title, and we know of no reason, either in law or morals, why they may not intentionally make their guaranty run with the land.

In the case under consideration as we have seen, the defendant executed the covenants in question, expressly providing that they should run to "heirs or assigns," thus intending them to run with the land. The covenants were made upon proper consideration, the receipt of which is acknowledged by him. We think, therefore, that it is but just that he carry out the provisions of his contract.

The other questions discussed have already been considered in the former decisions of this court.

The judgment should be affirmed, with costs.

Andrews, Ch. J., Peckham and Gray, JJ., concur with O'Brien, J., for reversal.

Haight, J., reads dissenting opinion, and Finch, J., concurs with opinion; Bartlett, J., concurs in result.

Judgment reversed.