## VAN NOSTRAND v. HUBBARD.

(Supreme Court, Appellate Division, Fourth Department. December 9, 1898.)

1. TRESPASS—MARRIED WOMEN—PURCHASE OF LAND—POSSESSION.

In trespass, evidence of a purchase of a farm by plaintiff, a married woman, under an executory contract, where she and her husband entered into possession, raises the presumption that she, and not her husband, was in possession as owner and occupant.

2. WITNESSES—INTEREST.

A court is not warranted in refusing to believe an uncontradicted witness merely because she is interested in the event of the action.

Appeal from Cayuga county court.

Action by Matilda Van Nostrand against Daniel Hubbard. From a judgment of the county court reversing a judgment dismissing the complaint, with costs, defendant appeals. Affirmed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, and WARD, JJ.

Frederick E. Storke, for appellant.

Amasa J. Parker, for respondent.

FOLLETT, J. The plaintiff purchased the farm assessed for taxes in the year 1895, under a written executory contract, and entered into possession thereof April 1, 1895, and continued in possession until April 1, 1896. The legal presumption arising from the contract is that the plaintiff, and not her husband, was in possession of the farm. Mygatt v. Coe, 124 N. Y. 212, 26 N. E. 611; Id., 142 N. Y. 78, 36 N. E. 870; Id., 147 N. Y. 456, 42 N. E. 17; Id., 152 N. Y. 457, 46 N. E. 949. No attempt was made by the defendant to rebut this presumption, and, besides, the plaintiff testified that she cultivated the farm, personally did much of the work thereon, and that the consideration for the purchase of the farm was realty which she formerly owned and held the title to. This evidence is uncontradicted, and there is no circumstance in the case which throws any doubt as to the truth of her testimony. Under the written contract and the oral testimony, it must be held that the plaintiff was in possession of the farm from April 1, 1895, to April 1, 1896, as owner and occupant. The horses sold by the defendant were used as a team on the farm, one of which was given to the plaintiff by her father 14 or 15 years before the levy, and the other was purchased by her 7 years before the levy. There is no evidence in the record tending to show that the plaintiff's husband exercised any legal control over the farm or the horses. The plaintiff's testimony was not contradicted or sought to be. She was not impeached, and there is no circumstance in the record which tends to impeach her credibility, and, under such circumstances, the justice was not at liberty to disbelieve her simply because she was interested in the event of the action. Denton v. Carroll, 4 App. Div. 532, 40 N. Y. Supp. 19. Under the undisputed evidence, the defendant was a trespasser. Hallock v. Rumsey, 22 Hun, 89.

The judgment should be affirmed, with costs. All concur.