COMPTON HILL IMPROVEMENT COMPANY et
al., Respondents, v. JOHN B. STRAUCH, Appel-
lant.

St. Louis Court of Appeals.    Submitted on Briefs November 9,
1911.    Opinion Filed December 5, 1911.

1. BUILDING RESTRICTIONS: Action to Prevent Violation:
Abandonment of General Plan: Sufficiency of Evidence.   In an
action for a mandatory injunction to prevent the violation of
building restrictions created by deed, by building a porch nearer
the building line than was permissible under said restrictions,
*held*, that no such abandonment of the general plan as would
warrant the court in determining that the restrictions had lost
their force was shown.

2. ————: ————: Abandonment of General Plan: Effect.
Where the general plan of building restrictions has been
abandoned, equity will not undertake to undo what has been
done contrary to it.

3. ————: ————: Violation of Restrictions by Plaintiff: Ef-
fect.   Where some of the plaintiffs, suing to restrain a property-
owner from violating building restrictions, had not violated
the restrictions, the fact that one of the plaintiffs had violated
them would not prevent the granting of injunctive relief.

4. ————: Notice: Recitals in Deed: Conveyances.   A grantee
whose deed specifically provides that he takes the land con-
veyed subject to building restrictions and which specifically
refers to his grantor's deed, which contained covenants impos-
ing the restrictions, takes with notice of such covenants, so as
to be bound thereby.

5. ————: ————: ————.   It is not necessary, in order to
maintain an action to restrain the violation of building re-
strictions by a property owner, that he be notified, prior to the
completion of the structure, that its erection will constitute a
violation of the restrictions, where his deed and that of his
grantor notified him of the existence and character of such
restrictions.

6. INJUNCTIONS: Mandatory Injunctions.   While it is true
that an injunction will not generally lie to give relief for past
injuries, a court of equity may issue a mandatory injunction.

7. BUILDING RESTRICTIONS: Enforcement: Mandatory In-
junction.   A mandatory injunction is the proper remedy to

cause a property owner to remove parts of a building which have been erected on his property in violation of building restrictions.

8. ——————: **Abandonment of General Plan: Evidence.** A few sporadic instances of the violation of building restrictions, which have not been attacked, do not furnish conclusive evidence of the abandonment of the plan.

9. ——————: **Validity: Certainty.** The deeds executed by an improvement company provided that the building line was established at an average of thirty feet from the north line of an avenue, and provided that the grantees should conform to that line, and that "no building or any part or portion thereof shall at any time be erected or placed upon the space between said building line and said street, nor shall any projection . . . be permitted to extend into or encroach upon said space, except that the steps and platform in front of the main door may extend over said building line not to exceed eight feet." *Held,* that the covenants were not void for uncertainty, although there were some variations among the blocks as to the value of the improvements to be made.

10. ——————: ——————. Building restrictions are neither void nor contrary to public policy, so long as they are reasonable and do not unduly impinge upon the right of alienation and are assented to by the parties.

### On Motion for Rehearing.

11. ——————: **Interpretation: "Steps and Platform."** Where building restrictions permit steps and a platform in front of the main door of the dwelling to extend eight feet over the building line, the erection of a covered porch over the steps and platform, which was supported by columns resting on the platform and which extended over the building line, constituted a violation of the restrictions, and hence a decree commanding the removal of the roof and front pillars of said porch was proper.

Appeal from St. Louis City Circuit Court.—*Hon. Daniel D. Fisher,* Judge.

AFFIRMED.

*Lyon & Swarts* and *Dwight D. Currie* for appellant.

(1) The covered platform directly in front of the main entrance of appellant's residence does not

violate any restrictions imposed upon appellant's lot
and is permissible under that clause of the restrictions
covering his lot which says that "the steps and plat-
form in front of the main door may extend over said
building line not to exceed eight feet." (2) A court
of equity will not lend its aid to restrain the violation
of restriction upon land when it appears that such re-
striction was inserted in the deed as parcel and in pur-
suance of a general plan of improvement which has
since been abandoned by those in whose favor the
covenant was executed and who are seeking to enforce
the same. Every relaxation which the plaintiff has
permitted in allowing houses to be built in violation
of the covenant amounts *pro tanto* to a dispensation
of the obligation intended to be contracted by it. He
who would invoke the aid of a court of equity must
come into court with cleans hands. Scharer v. Pant-
ler, 127 Mo. App. 433; James v. Irvine, 140 Mich. 379;
Tillotson v. Gregory, 114 N. W. 1025; Improvement
Co. v. Tower, 158 Mo. 282; Olcott v. Sheppard Knapp
& Co., 96 App. Div. (N. Y.) 281; Ewerston v. Gersten-
berg, 186 Ill. 344; Thorburn v. Morris, 75 Atl. 757; Bul-
litt v. Hinchman, 227 Pa. 197; Loud v. Pendergast, 206
Mass. 122; Zelman v. Kauffherr, 73 Atl. 1048; Land
and Improvement Co. v. Adams, 66 Atl. 180. (3) In-
junction lies only for a threatened wrong for which
no adequate legal remedy is afforded, and a court of
equity will not issue an injunction to prevent the per-
formance of an act already consummated. Carlin v.
Wolff, 154 Mo. 539; Davis v. Hartwig, 195 Mo. 398;
Brier v. Bank, 225 Mo. 683; Railroad v. Mining Co.,
138 Mo. App. 133.

*Edward C. Kehr* for respondents.

(1) It can never be successfully claimed that the
restrictions of a district have been relaxed or aban-
doned unless the changes in and surrounding it, have

been such that the decree of the court of equity would be ineffectual to put or keep the district in the condition which it was the object and purpose of the restrictions to create; for instance, when the general current of business has reached and passed the restricted premises, the change being permanent, no decree can restore the residence character of the district and therefore, none will be granted. Trustees of Columbia College v. Thatcher, 87 N. Y. 311. (2) For the violation of a building restriction, a mandatory injunction is the proper remedy. Meriwether v. Joy, 85 Mo. App. 634; Bank v. Kennett Est., 101 Mo. App. 370; Sanders v. Dixon, 114 Mo. App. 229; Semple v. Schwarz, 130 Mo. App. 65.

REYNOLDS, P. J.—An association was incorporated in 1888 under the name of Compton Hill Improvement Company, which appears to have been formed and incorporated for the purpose of acquiring, laying out, and improving a certain tract of land in the city of St. Louis, the subdivision known as "Compton Heights." A plat of the subdivision was filed in which a building line is marked as being thirty feet from the front of the lot. The association was incorporated for ten years. After laying off this subdivision it was improved by the construction of streets, alleys, pavements, sewers, lights, etc. At the end of its corporate term, that is, the 1st of June, 1898, the members of the company took out a new certificate of incorporation under the same name as that of the old one. A part of the plan for the improvement and maintenance of Compton Heights was the maintenance of the building line as above and the imposition upon each lot sold in the subdivision of conditions and restrictions in the use of the lots for the common benefit of all owners of lots in the subdivision, such as the cost of the buildings, their use and occupancy exclusively as dwellings, etc. It also appears that the

association obligated itself not to convey any lot in the subdivision save upon the restrictions and subject to the conditions common to all. It was in evidence that all conveyances made by both the old and the new corporations were made subject to these restrictions. In the deed which was made to the grantor of defendant, the restriction, in substance, is that the building line is established at an average of thirty feet from the north line of Russell avenue. It is provided that the grantee shall conform to that building line as shown on the plat of the subdivision, "and no building or any part or portion thereof shall, at any time, be erected or placed upon the space between said building line and said street; nor shall any projection of said building of whatever character be permitted to extend into or encroach upon said space, except that the steps and platform in front of the main door may extend over said building line not to exceed eight feet." It is further provided in the deed to the grantor of defendant, as it appears was also provided in all other deeds to these lots from the association, that the grantee accepts the conveyance, "subject to the easements, restrictions and conditions above set forth," and further covenants that he, his heirs and assigns, will forever faithfully observe and perform them, and if he or they shall violate or attempt to violate or omit to perform or observe any of them, it shall be lawful for any person owning a lot in Compton Heights, which is subject to the same restrictions or conditions in respect to which default is made, to institute and prosecute appropriate proceedings at law or in equity for the wrong done or attempted, and it is further covenanted that neither the grantee nor those claiming under him or the Compton Hill Improvement Company will make any conveyance or otherwise dispose of any lot in Compton Heights without restricting the building to be erected thereon to the building line of the lot as shown on the plat, "ex-

cept that the steps and platform in front of the main door may extend over said building line not to exceed eight feet."

The defendant, appellant here, acquired a lot in Compton Heights, known as lot 3, in block 8 of Compton Heights, and in city block 1306, of the city of St. Louis, the deed of date October 16, 1907. The deed to appellant refers to the lot as the same property acquired by appellant's grantor from the Compton Hill Improvement Company, by deed dated December 18, 1893, and recorded in the office of the recorder of deeds in book 1195, at page 221, and then continues, "to the building restrictions and easement in which said deed contained and set forth this conveyance is made subject." After acquiring this lot appellant proceeded to erect a building on it and it was in course of erection in July, 1908, when on the 20th of that month one of the plaintiffs addressed him a letter, in which letter this plaintiff informed appellant that he was told that appellant was building on Russell, east of Compton, and that he contemplated putting a porch in front, contrary to restrictions and the writer expressed the hope, as an owner in the block and as vice-president of the Compton Hill Improvement Company, that that was not the case, and that if the porch was being put on by anyone it would lead to litigation and that the one now there should be removed. The letter also suggested that defendant examine his deed and he would see that the writer was correct. Plaintiff testified that at the time he received that letter, he had not been informed or warned by anybody that the porch that he was erecting in front of his residence was in violation of the restrictions; that he had seen porches on other buildings in the addition that had been constructed prior to this time and that when he received this letter all that was necessary to complete the porch was to put on the slate roof; that his house stood

162 App.—6

on the building line, was flush with it; that the porch
is over the building line about eight feet, the dimen-
sions of the porch being eight feet deep and ten feet
wide, the porch covering the front door. He further
testified that as he stood on Russell avenue, on which
this lot fronts, and looked down to Nebraska avenue,
he could see covered porches on residences projecting
from the fronts of other houses.

Defendant refusing to remove the roof and col-
umns supporting it from the porch, this action was
instituted by the Compton Hill Improvement Company
and a number of owners of lots in that subdivision.
Praying for an injunction restraining defendant from
erecting or completing the porch or portico, and from
maintaining it or any encroachment whatever upon
the space between the building line and the street, the
plaintiffs also prayed that the court, upon the hear-
ing of the cause, by its decree and mandatory injunc-
tion would command or compel defendant to remove
the porch or portico and every part thereof, so far
as the same or any part of it encroached upon the eight
foot space, and would perpetually enjoin and restrain
defendant from at any time constructing or maintain-
ing the porch, portico or other encroachment upon that
space, and for general relief.

Defendant answered this by a general denial and
by the further special plea that all the improvements
upon the lots in the Compton Heights subdivision have
not been made in conformity with the restrictions set
forth and referred to in the petition. Defendant ad-
mits that he is the owner of the lot but further denies
that it is subject to the restrictions set forth and re-
ferred to in the petition. As a further defense and
answer, defendant denies that the plaintiffs or either
of them in any manner notified him that his structure
was in violation of the restrictions prior to the erec-
tion and completion thereof but alleges that the cover
for the platform in front of the main door was erected

and built prior to the commencement of this suit without protest or objection from any person whomsoever, although the plaintiffs knew of defendant's intention to erect the covering. Further answering defendant states that the structure complained of does not violate any of the restrictions referred to in the petition. It is further averred in the answer that other owners of lots in Compton Heights, on the north side of Russell avenue have erected porches in front of their residences within the eight-foot space and that the erection of such porches was and has been acquiesced in by plaintiffs and other owners of lots in Compton Heights long prior to the commencement of this suit and long prior to the erection of defendant's structure. It is further averred in the answer that one of the plaintiffs acquired a lot in this same block subject to all the restrictions set forth and referred to in the plaintiffs' petition and that that plaintiff, long prior to the commencement of this suit and long prior to defendant acquiring his lot, erected and now maintains buildings and structures on his lot which are in violation of the restrictions. Finally, it is averred that the restrictions referred to in the petition are void, invalid and of no effect because uncertain, vague, indefinite and without uniformity and contrary to public policy and have long since been abandoned and disregarded by the owners of lots in Compton Heights subdivision.

The reply was a general denial, and at the conclusion of the testimony the court, after taking the cause under advisement, entered a finding in favor of plaintiffs in which it is recited, among other things, that the porch or portico as erected or placed by defendant upon and over the steps and platform in front of the main door of his building, extends over the building line and is in violation of the restrictions to which that lot and the lots owned by plaintiffs are subject. Whereupon the court ordered, adjudged and decreed

that defendant, within ninety days from the date of the judgment, "remove or cause the roof and the two front pillars of said porch or portico to be removed and that he be and is hereby forever enjoined and restrained from erecting or maintaining any structure upon his said lot which shall extend into or encroach upon the space between the northern line of Russell avenue and a line thirty feet north thereof, except that the steps and platform in front of the main door of his said building may extend over said building line not to exceed eight feet." The court further retained control of the proceedings until defendant obeyed and carried out its order and removed the porch as directed.

After interposing a motion for new trial and saving exception to the overruling thereof, defendant duly appealed to this court.

It may be said of the evidence that it shows that some parties in this subdivision, possibly even some of the plaintiffs, had violated the restrictions in the erection of covered porches or porticoes in front of their buildings, but the evidence not only failed to show an abandonment of the general plan by the Compton Hill Improvement Company and others of the plaintiffs and other owners of lots in the subdivision, but on the contrary showed that as far as possible that plan of improvement of Compton Heights was still carried out and insisted on and that houses and residences in it were generally built and maintained substantially in compliance with that plan. There was evidence from which the learned trial court was amply justified in finding that there had been no such abandonment of the original plan of improvement as to show that the conditions and restrictions had become inoperative. It is true that the Court of Appeals of New York has held in Trustees of Columbia College v. Thacher, 87 N. Y. 311, to which case we are referred, that when the restrictions of a district

have been relaxed or abandoned and the changes in and surrounding it have been such that the decree of a court of equity would be ineffectual to put or keep the district in the condition which it was the object and purpose of the restrictions to create, that a court of equity will not interfere. We had occasion to notice this case in Spahr v. Cape, 143 Mo. App. 114, l. c. 128, 122 S. W. 379. We not only find nothing to criticize in the reasoning of the New York court in that case, on this point, but are in full accord with it, in so far as it holds that if the general plan has been abandoned, a court of equity will not undertake to undo what has been done contrary to it. But we do not think that the facts in evidence in the case at bar present a case coming within that rule. There was no such abandonment of the general plan as would warrant the court in saying that the restrictions had lost their force. So the learned trial court found and so we find on the evidence in the case.

Learned counsel for appellant insist that one of the plaintiffs has himself violated the restrictions. That plaintiff practically admitted this but stated that he did so under no claim of right and on any objection being made stood ready to remove the obstructions. That is, he distinctly recognizes the restrictions as in force. If he was the only plaintiff complaining of a violation of the restrictions, it might be, as argued by counsel, that he could not maintain this suit. He would not have been one who had washed his hands before suing, nor have come into court with clean hands. But the corporation and, so far as the evidence shows, other plaintiffs, and certainly other lot owners, were under no such disability.

Counsel argue that appellant is not bound by the restrictions in the deed from the Compton Hill Improvement Company to his grantor. That position cannot be maintained. His deed specifically refers to that of his grantor and he therefore took with constructive,

if not actual, notice of the covenants in that deed. His deed specially provides that he took the lot subject to those restrictions.

It is argued by the learned counsel for appellant that appellant had no notice that the porch as constructed was in violation of the restrictions of his deed or objectionable, prior to its completion. His own deed and the deed of his grantor, who took directly from the association, contain all the notice that the law required appellant to have.

It is further urged by this same counsel that the erection having been made before notice to defendant and before the commencement of this suit, injunction will not lie; that injunction is a preventive remedy alone. It is true that an injunction will not generally lie for past injuries. But, says that well known and recognized authority, Mr. High, ''While the jurisdiction of a court of equity by way of mandatory injunction is rarely exercised, and while its existence has even been questioned, it is nevertheless too firmly established to admit of doubt.'' [1 High on Injunctions (4 Ed.), sec. 2.] Its use is proper, says the same author (section 1150), in restraining one from permitting any parts of a building which have been erected contrary to restrictions, to remain. Nor in such cases is it essential that the plaintiff show actual damage resulting from the breach of a restriction as to a building line, it being proper in such cases to grant the injunction in a mandatory form, requiring not only that the defendant shall in the future desist from persisting in a violation of the restriction, but that he shall remove the encroachment upon the line before then made. [2 High on Injunctions (4 Ed.), sec. 1158.]

Mandatory injunctions in cases such as this now before us have been recognized by our court in Meriwether v. Joy, 85 Mo. App. 634, and in St. Louis Safe Deposit & Savings Bank v. Kennett's Estate, 101 Mo. App. 370, 74 S. W. 474; Spahr v. Cape, 143 Mo. App.

114, 122 S. W. 379; Fete v. Foerstel, 159 Mo. App. 75, 139 S. W. 820, and in other cases.

Finally, it is contended that these restrictions are void, invalid and of no effect, are uncertain, vague and indefinite and without uniformity and are contrary to public policy. The evidence does not sustain the claim as to lack of uniformity. A few sporadic instances of the violation of the restrictions, which violations have not been attacked, do not, in themselves, furnish conclusive evidence of an abandonment of the plan. They are neither uncertain, vague nor indefinite and are uniform over the block in which defendant's lot lies. It does appear that there are some variations among the blocks as to the value of the improvements to be made, but this is immaterial. We have held in many cases that restrictions of this kind, as long as they are reasonable and do not unduly impinge upon the right of alienation, and are assented to by the parties, are neither void nor contrary to public policy. [See Spahr v. Cape, supra; Noel v. Hill, 158 Mo. App. 426, 138 S. W. 364; Fete v. Foerstel, supra, to which we refer for collation of cases illustrating this.]

The judgment of the circuit court is affirmed. *Nortoni* and *Caulfield, JJ.,* concur.

## ON MOTION FOR REHEARING.

PER CURIAM.—In the motion for rehearing counsel for appellant complains that we have overlooked the point which they claim was the principal one in this case as well as in that of Compton Hill Improvement Company et al. v. Mary J. Garvey et al., that the porch which is ordered to be removed and against the construction of which the injunction went was not contrary to the restrictions in the deeds. We did not notice that in so many words as we thought the statement of the case covered it. The building restriction, in terms, permits steps and a platform in

front of the main door and provides that such steps and platform may extend eight feet over the building line. A covered porch over steps and platforms, that covered porch being supported by columns resting on the platform, is much more than "steps and platform," and it was that that the trial court ordered removed and against either the maintenance or a repetition of this superstructure that the injunction was awarded. The motion for rehearing is overruled. All concur.