Frederick H. Britton and Jessie M. Britton, Appellants, v. School District of University City et al.; Robert D. McClure and Leona McClure, Interveners, Appellants.—44 S. W. (2d) 33.

Division One, November 20, 1931.

*Daniel Bartlett* for appellants.

*Holland, Lashly & Donnell, Jacob M. Lashly* and *M. P. Phillips* for respondents.

GANTT, P. J.—This came to me on re-assignment. Plaintiffs and interveners seek to enjoin the school district of University City and its board of education from erecting a school building on certain lots and a private street (Cornell Avenue) in University

Heights, a division of said city, and from using any building erected thereon as an auditorium, gymnasium or for other public school purposes. They alleged that the erection of the building thereon would violate certain building restrictions. No temporary injunction or restraining order was prayed for or granted. After service of summons, defendants proceeded with the work, and at the time of trial the building had been completed at a cost of $170,000. Defendants admitted the building would be an auditorium and used for public school purposes. The court found the issues in favor of defendants on plaintiffs' and interveners' petitions, and in favor of plaintiffs and interveners on defendants' cross-bill. Plaintiffs and interveners appealed. Defendants did not appeal. Therefore, we only consider questions presented on plaintiffs' and interveners' petitions and defendants' answer.

The petitions are conventional, alleging the imposition of restrictive covenants on the lots and Cornell Avenue, the violation thereof by defendants, that plaintiffs and interveners are without adequate remedy at law, and praying injunctive relief. The answer admitted the validity of the instrument imposing the restrictions, but denied violation thereof, and pleaded certain affirmative defenses.

University Heights Realty & Development Company (herein designated Company) owned a tract of land in St. Louis County. It laid out and subdivided the land into blocks and lots with private streets, designating it University Heights, and caused a plat thereof to be recorded in the office of the Recorder of Deeds of said county. Thereafter it executed and recorded in said office an instrument designated "Declaration of Trust & Agreement," imposing on said lots and private streets the restrictions under consideration.

Plaintiffs and interveners own residence property in University Heights. They contend that the erection of the building and its use as an auditorium and gymnasium is a violation of building restrictions imposed on said lots and Cornell Avenue by the trust agreement.

The restrictions on these lots were considered by the St. Louis Court of Appeals in Bub v. McFarland, 196 S. W. 373. A part of the plat of University Heights will be found in that opinion. The building in question is located on a part of lot one in block two and a part of Cornell Avenue located south of lots one and two in said block. Interveners' residence is located on lot three in block two. Plaintiffs' residence is located on lots two and three in block three.

I. Defendants contend that the use of lots two and three of block three by plaintiffs for residence purposes is a violation of restrictions, and for that reason plaintiffs are in court with unclean hands.

Under the trust agreement said lots are reserved for public school purposes. However, the company was given the right to determine if

they should be used for public school or residence purposes. It determined the question by conveying them to individuals instead of conveying them to the school district. It follows that plaintiffs were authorized to use the lots for residence purposes.

II. Defendants claim title to Cornell Avenue by quitclaim deed. Under the trust agreement trustees were vested with the legal title to private streets impressed with an easement for the common benefit of persons who own or occupy said lots. They are authorized and charged with the duty to repair, maintain and improve said streets. They are also authorized (if they should conclude that such action will be for the benefit of the owners of lots) to dedicate one or all of said streets for public use. The trustees conveyed Cornell Avenue to the school district by quitclaim deed in exchange for a portion of lot two in block two, to be used for street purposes.

It is argued that the conveyance was a dedication of Cornell Avenue to public use. It was for public use, but not such use as contemplated by the parties to the trust agreement. If this conveyance is valid, it follows that the trustees are authorized to convey all of said streets for such or similar use. It is clear they are only authorized to dedicate private streets for public use as public streets. And the authority to improve streets did not authorize the trustees to trade a street on the theory of improving another street. The school district acquired no interest in Cornell Avenue by the quitclaim deed.

III. Defendants contend that the reservation with respect to the lots on which the building is located was for the benefit of the company and not enforceable at the instance of plaintiffs or interveners.

Under the trust agreement said lots are reserved for offices, stores or places of business. The company was also given the right to determine if these lots should be so used or for residence purposes. Plaintiffs and interveners do not seek to enforce said reservation as such. They seek relief under a provision of the trust agreement which follows:

"The lots [which include the lots on which this building is located] in this section described shall not, however, be used for any purposes other than the purposes for which they are respectively reserved, or for private residence purposes as aforesaid, to which purposes they are hereby expressly restricted, into whosoever hands they may come. . . ."

This provision restricts the use of said lots to business or residence purposes. The defendants were not authorized by the trust agreement to use them for school purposes.

IV. It is not claimed that the general plan for a restricted residential district had been abandoned and it does not appear that the restrictions imposed on lots for residence purposes have been violated. However, defendants contend that for ten years plaintiffs acquiesced in the violation of similar restriction on block one, and for that reason are in no position to complain. The rule is stated as follows:

"Generally, acquiescence in violations of a restrictive covenant which are immaterial, and do not affect or injure one, will not preclude him from restraining violations of the restrictions which would so operate as to cause him to be damaged." [Ward v. Prospect Manor Corp., 46 A. L. R. 364, 1. c. 372.] As stated, under the trust agreement block one was reserved for business purposes. In 1915 the school district purchased a building for school purposes, a part of which was located on lots ten and eleven of block one, and a small part on Cornell Avenue. In 1916 plaintiffs moved into the district. In 1919 the district purchased lots three, four, five, six, seven, eight and nine of block one. Mrs. Britton was a member of the board from April, 1920, to April, 1925. At the time she became a member, plans had been completed for the erection of the school building on the lots last mentioned. In 1920 the district purchased lots one and two of block one for playground and landscape purposes. Mrs. Britton testified that during this time she did not know that block one was restricted, and that in 1923 she advocated the purchase of lots one and two of block two for playground and landscape purposes. Other members of the board testified that said lots were at that time under consideration for school rooms. The proposition was defeated.

Mr. Britton testified that at the time they moved to the district he knew block one was restricted but was informed the restriction was different from the restrictions imposed on other lots; that he was not interested, for the school rooms on block one would be eight hundred feet from his residence and would cause no disturbance; that the auditorium is across the street from his residence and is connected with the gymnasium; that the noise of the games, entertainments, manual training and automobiles interfere with the enjoyment of his home and greatly damage his property.

Having the rule in mind, we do not think the evidence sustains the contention. Plaintiffs' failure to object to said violations did not mislead defendants. Indeed, a school building occupied a part of restricted lots and a part of Cornell Avenue before plaintiffs moved to the district, and the board had planned other buildings on restricted lots before Mrs. Britton became a member of the board. Under the circumstances plaintiffs are not precluded from objecting to the violation of the restriction under consideration. They have the right to stand upon the contract set forth in the trust agreement. Under

similar circumstances the St. Louis Court of Appeals so ruled after a review of the authorities. [St. Louis Safe Deposit Bank v. Kennett Est., 101 Mo. App. 370, 74 S. W. 474; Spahr v. Cape, 143 Mo. App. 114, 122 S. W. 379; Improvement Co. v. Strauch, 162 Mo. App. 76, 149 S. W. 1159; Miller v. Klein, 177 Mo. App. 557, 572, 160 S. W. 562.]

In this connection defendants contend that plaintiffs knew several months before this suit was commenced that defendants intended and were preparing at heavy expense to use said lots for school purposes, and misled them by not objecting to said use.

A few months before the suit, the question of issuing bonds of the district to provide funds for improvements was being considered. About that time a member of the board was interviewed by Mr. Britton, plaintiff, and reporter for the Globe-Democrat. This member testified that he told Mr. Britton they contemplated buying said lots and beautifying the part not used. Mr. Britton testified that he did not so understand the member; that he understood from the interview that the auditorium addition would be built to the north, whereas it was built to the west and near his residence. The article published in the newspaper as a result of this interview sustains Mr. Britton. It is stated therein that the "north extension will contain an assembly hall that will enlarge, when desired, the present gymnasium and auditorium." Thus it appears there is no evidence to sustain the contention.

On the contrary, plaintiffs first learned, February 6, 1926, that the district was proceeding to erect a building on said lots. On February 10, 1926, Mr. Britton wrote a letter to a member of the board inquiring about the matter. Attorneys for plaintiffs on said date objected to the erection of the building in a letter to the president of the board and directed attention to the restrictions imposed by the trust agreement. Thereafter and on March 16, 1926, this suit was filed.

In violating the restriction imposed on said lots, the defendants unlawfully appropriated property belonging to plaintiffs and interveners. [Peters v. Buckner, 232 S. W. 1024, 1027.] For this reason the judgment is reversed and the cause remanded with directions to continue the case for such reasonable time as may be necessary to afford the school district of University City and its board of education an opportunity to lawfully acquire the interests of plaintiffs and interveners in the property so appropriated. If at the end of such time they have failed to do so, the court is directed to enter a decree enjoining said district and its board of education from using said building or part thereof located on said lots and private street for an auditorium or other school purposes, and from erecting

upon said lots other buildings or parts thereof for school purposes. All concur.