STATE EX REL. BRITTON ET AL., Relators, v. JERRY MULLOY, Judge of the Circuit Court of St. Louis County.—61 S. W. (2d) 741.

Division One, June 12, 1933.

*Daniel Bartlett, R. T. Brownrigg* and *Wm. L. Mason* for relators.

*Jacob M. Lashly* and *Maurice P. Phillips* for respondent.

STURGIS, C.—This is an original proceeding in this court in prohibition in which the relators ask this court to grant its writ of prohibition restraining the defendant, Jerry Mulloy, one of the Judges of the Circuit Court of St. Louis County, from proceeding further in the trial for damages in the case of Britton et al. v. School District of University City and its Board of Education. The case just mentioned is a suit for injunction, brought in the Circuit Court of St. Louis County, in which Britton and other lot owners as plaintiffs sought to restrain the defendant school district from erecting and using certain school buildings on certain lots and a private street (Cornell Avenue) in University City. The basis of the injunction is the alleged violation of valid building restrictions pertaining to the private street and the lots on which the defendant school district was proceeding to erect and use certain school buildings, it being claimed and shown that the building restrictions prohibited the erection of school buildings on the ground in question. That injunction suit was tried in the said circuit court, resulting in a judgment for the defendant school district and denying the plaintiffs (relators here) the injunctive relief prayed for. Thereupon the then plaintiffs (relators here) appealed the case to this court, which reversed and remanded the case, as it appears from our opinion in Britton v. School District, 328 Mo. 1185, 44 S. W. (2d) 33. This court there held that plaintiffs were entitled to the injunctive relief prayed for, but instead of entering or directing the trial court to at once enter judgment for plaintiffs granting them the relief prayed for, this court, in the interest of justice to the school district, said and directed: "In violating the restriction imposed on said lots, the defendants unlawfully appropriated property belonging to plaintiffs and interveners. [Peters v. Buckner, 288 Mo. 618, 232 S. W. 1024, 1027.] For this reason the judgment is reversed, and the cause remanded with directions to continue the case for such reasonable time as may be necessary to afford the school district of University City and its board of education an opportunity to lawfully acquire the interests of plaintiffs and interveners in the property so appropriated. If at the end of such time they have failed to do so, the court is directed to enter a decree enjoining said district and its board of education from using said building or part thereof located on said lots and private street for an auditorium or other school purposes, and from erecting upon said lots other buildings or parts thereof for school purposes." This was thought to be sufficiently specific to guide the trial court and the interested parties as to further

procedure. Reference is made to our former opinion for a fuller detail of the facts and issues there involved.

It appears that when the mandate of this court was filed in the trial court, that court on January 6, 1932, continued the injunction case to April 18, 1932, ostensibly to give the defendant school district time and opportunity "to acquire the interest of plaintiffs and interveners in the property so appropriated" by having already erected school buildings thereon. Thereafter on April 14, 1932, the defendants filed in said court a motion or application praying the court "to set down for hearing and to determine the damages, if any, sustained by the plaintiffs and interveners from the appropriation of their property, if any, in said Cornell Avenue and Lots 1 and 2 of Block 2 of University Heights Subdivision, in view of the use to which said property so appropriated is to be devoted, and for such other orders and directions as to the court shall seem meet and proper in the premises." The defendants recited in said application as the sole basis therefor the statement, which the court found to be true, that, "Your defendants respectfully represent and show to the court that they have undertaken to agree with the plaintiffs and interveners in an effort to acquire the interests, if any, of the plaintiffs and interveners in and to Lots 1 and 2 of Block 2 of University Heights Subdivision, and Cornell Avenue, upon which, during the year 1926, they erected certain buildings for school purposes; that your defendants have been unable to agree with the plaintiffs and interveners upon the price to be paid for such interests, if any, owned by said plaintiffs and interveners in and to the aforementioned property." It seems that no proceeding in condemnation was instituted by the school district. The record further shows that the plaintiffs in the injunction suit (relators here) appeared and objected to the trial court proceeding to hear the application of defendants "to determine the damages, if any, sustained by plaintiffs and interveners" and thus converting the injunction proceeding into an inquiry and ascertainment of damages. Thereupon the trial court, over plaintiffs' objections, made and entered its order as follows: "On the application of defendants filed herein on April 14, 1932, and on hearing of order to show cause, the said application of defendants is granted and the cause set down for June 6, 1932, for the purpose of *trial* and *adjudication of damages* by a jury, and the opinion of such jury to be taken by the court upon said issue."

At this stage of the proceedings in the trial court the plaintiffs in the injunction suit (relators here) applied for and this court issued its preliminary rule in prohibition directed to respondent as judge of said circuit court, who has filed here his return to such preliminary rule. Without going into detail, we think it will be sufficient to say that the relators here (plaintiffs in the injunction proceeding in the

trial court) take the position that the merits of the controversy between the plaintiffs and defendant school district as to their respective rights have been fully adjudicated in this court on the appeal in Britton v. School District, supra; that it was finally determined in that case that plaintiffs (relators here) were entitled to an injunction restraining the school district from using the school building or parts thereof located on Lots 1 and 2 of Block 2 of University Heights Subdivision and on the private street designated as Cornell Avenue, and that the only privilege accorded to the said defendant school district was that the injunction case would be continued and the final injunction order be deferred for such reasonable time as might be necessary for school district to acquire the interest of plaintiffs and interveners in the property mentioned, provided, of course, the school district desired to do so; that the school district could acquire such interest only by purchase or payment of agreed damages or by condemnation; that as the first method failed, the only right accorded to defendant school district was to proceed by condemnation, which it appears has not been done, though a reasonable time and opportunity for doing so has been given. The respondent takes the position that defendant school district has tried in good faith to have plaintiffs accept a reasonable amount of damages, but which they refuse to do, and that the circuit court, as a court of equity having jurisdiction of the case and the parties, could and should assess the damages suffered by plaintiffs and compel them to accept same. Respondent maintains that it is a sufficient compliance with the opinion and mandate of this court for the trial court in the injunction case to accord plaintiffs an opportunity to prove up and have the court enter judgment fixing plaintiffs' damages and presumably grant incidental relief. We do not agree with respondent's contention.

■■■ The plaintiffs in the injunction suit (relators here) are owners of lots in University Heights Subdivision. The defendant school district was proceeding to erect and use buildings and grounds in such subdivision for school purposes in violation of valid building restrictions excluding and prohibiting such use. It is the settled law of this State that where the deeds of conveyance impose valid restrictions on the lots within a given area, then each lot and the owner of same has an easement in each and all the other lots affected by the restrictions, which easement is a property right to be protected by injunction, at the owner's instance, restraining and preventing violations of the building restrictions. Such building restrictions and the rights arising therefrom are subordinate to the right of eminent domain and can be extinguished by condemnation proceedings. If that suit was between individuals, the plaintiffs would be entitled absolutely to the injunctive relief prayed for and damages could not be considered. But this defendant is clothed with the power of

eminent domain and may exercise that right by condemnation, and for that reason only this court did not grant at once and absolutely the injunction prayed for. The easement in plaintiffs' favor in the land which defendant seeks to use for school purposes is within the protection of the constitutional provisions which provide that private property cannot be taken for private use with or without compensation, and that "private property shall not be taken or damaged for public use without just compensation, which compensation shall be ascertained by a jury or board of commissioners" in the manner provided by law. [Secs. 20 and 21, Art. 2, Constitution of Missouri; Peters v. Buckner, 288 Mo. 618, 232 S. W. 1024.] The manner provided by law will be found in our statutes providing for and relating to proceedings for condemnation.

■ It follows from what we have said that defendant school district was not following the manner provided by law in acquiring the interest of the plaintiffs in the property which it desired to use for school purposes, and the said circuit court was acting outside of and in excess of its jurisdiction in proceeding to assess plaintiffs' damages and compel plaintiffs to accept same under defendant's so-called application to have the damages assessed as part of the injunction case. Nor was or is respondent complying with the opinion and mandate of this court in Britton v. School District, supra.

It therefore follows that our preliminary rule in prohibition should be made absolute, prohibiting the respondent as judge of the circuit court from proceeding further or exercising further jurisdiction in hearing and trying the defendant's application filed in the injunction case of Britton v. School District to have the court determine and assess the damages sustained by plaintiffs by reason of defendant's appropriation of their property interest in Cornell Avenue and Lots 1 and 2 of Block 2 of University Heights Subdivision. We are further asked to direct the said circuit court to at once grant the injunctive relief prayed for in the original petition for injunction, thus terminating that part of our mandate in Britton v. School District, supra, directing the trial court to give the defendant school district a reasonable time and opportunity to acquire the interests of plaintiffs and interveners in the property in question. This, however, is a proceeding in prohibition only and we will confine our mandate to granting that relief only. Even if we could do otherwise, we are not disposed to be harsh with the defendant school district. The opinion and mandate in Britton v. School District will remain in force and effect and the parties at interest, as well as the respondent judge, will proceed accordingly. It is so ordered. *Ferguson* and *Hyde, CC.*, concur.

PER CURIAM:—The foregoing opinion by STURGIS, C., is adopted as the opinion of the court. All of the judges concur.