## Kessler et ux., Appellants, *v.* Lower Merion Township School District.

Argued January 18, 1943. Before MAXEY, C. J.; DREW, LINN, STERN, PATTERSON, PARKER and STEARNE, JJ.

*Victor R. Bieber,* with him *Edward M. Hawes* and *Larzelere & Wright,* for appellants.

*Henry R. Heebner,* with him *Aaron S. Swartz, Jr.,* for appellee.

OPINION BY MR. JUSTICE HORACE STERN, January 29, 1943:

Mrs. Sara E. Chichester was the owner of a rectangular 19-acre tract of land in Wynnewood. Fairhill Road crosses the extreme southwest corner of the tract, running from east to west 192 feet and then at a right angle from north to south 212 feet, thereby cutting off an almost square portion of about one acre. In 1928 Mrs. Chichester deeded to plaintiffs, Harry C. Kessler and Helen B. Kessler, his wife, this one-acre corner, subject to the following building and use restrictions which give rise to the present controversy:

"The above described lot or piece of ground shall at all times hereafter forever be restricted to not more than one private dwelling house and one private garage, which said dwelling house shall be a detached house and shall cost not less than Fifteen thousand Dollars ($15,-000.00) to build.

"Any building hereafter erected upon the said lot or piece of ground . . . shall not approach nearer than seventy-five feet to the center line of Fairhill Road; and no kitchens or servants' quarters . . . shall be built on the Fairhill Road frontage of said lot.

"That no part of the said lot or piece of ground or building or buildings hereafter erected thereon shall ever be used for any offensive occupation or for the sale or

manufacture of any vinous, spirituous or malt liquors, for a saloon or tavern or for the purpose of trade, but shall be used for private residential purposes only.

"Any lot fronting on Fairhill Road . . . shall have a frontage of not less than One hundred feet, and each lot . . . shall be restricted to not more than one private dwelling house and one private garage, which said dwelling house shall be a detached house and shall cost not less than Fifteen thousand Dollars ($15,000.00) to build, and no kitchens or servants' quarters . . . shall be built on the Fairhill Road frontage of any of said lots; and no part of the said lots or building or buildings hereafter erected thereon shall ever be used for any offensive occupation, or for the sale or manufacture of any vinous, spirituous or malt liquors, for a saloon or tavern or for the purpose of trade, but shall be used for private residential purposes only."

After the death of Mrs. Chichester, her devisees, in 1941, conveyed to defendant, the School District of Lower Merion Township, the 18-acre tract which remained in her ownership after her deed to the Kesslers. Before this second deed was executed plaintiffs gave written notice to defendant of the restrictions; nevertheless defendant started to construct an athletic field and running track, and, it is alleged, intends to erect a grandstand and clubhouse or other buildings of like nature. Plaintiffs filed a bill in equity for an injunction to restrain it from maintaining the athletic field, constructing the contemplated buildings, and using the tract for other than private residential purposes. The bill does not aver that the proposed field and structures are to be placed along Fairhill Road, but a plan submitted by counsel indicates that the westerly end of the oval-shaped track extends to a point 28 feet from the side of Fairhill Road and roughly parallels it for a distance of about 100 feet. Defendant filed preliminary objections to the bill in the nature of a general demurrer. The court entered a decree dismissing the bill.

The fourth paragraph of the restrictions which refers to "any lot fronting on Fairhill Road" was evidently meant to impose upon the Fairhill Road frontage of the 18.acre tract restrictions similar, in general, to those placed by the first three paragraphs upon the one-acre tract. It will be noted, however, that there is no provision which *compels* the laying out of the northeasterly side of Fairhill Road in individual lots or the building of dwelling houses thereon, but merely that if lots are laid out they shall be of the prescribed minimum width and if houses are built thereon their construction shall cost a certain minimum amount. Defendant is not violating the restriction against either narrow lots or inexpensive houses for it does not intend to engage in any such development, nor will it use any part of the tract for an offensive occupation, for the manufacture or sale of liquors, or for the purpose of trade. The only threatened violation of the restrictions is that the contemplated use is not for private residential purposes. But only the "lots" fronting on Fairhill Road and the buildings that may be erected thereon must be so used, and the deed does not specify the depth of such lots; certainly this restriction was not meant to apply to the entire 18-acre tract which extends back some six hundred feet from Fairhill Road; indeed by far the larger portion of the tract does not front on Fairhill Road at all. Nor is there any set-back requirement for structures on the northeasterly side of the road. While, therefore, the restrictions are reasonably clear and definite in regard to the one-acre tract, they are vague and uncertain as to the 18-acre tract, and consequently equity cannot undertake to enforce them, especially since covenants restricting the use of land are to be construed most strictly against the one claiming their benefit and in favor of the free use of the property; every doubt and ambiguity in the language of such a covenant must be resolved in favor of the owner: *Satterthwait v. Gibbs,* 288 Pa. 428, 135 A. 862; *Brown v. Levin,* 295 Pa. 530, 145 A. 593; *Henry v.*

*Eves,* 306 Pa. 250, 159 A. 857; *Gerstell v. Knight,* 345 Pa. 83, 84, 26 A. 2d 329, 330.

In view of what has been said it is unnecessary to decide additional questions that suggest themselves and might otherwise require consideration. One of these is whether the restrictions could have been intended to forbid the use of the tract for public school purposes, for which it could be acquired in any event by the exercise of the right of eminent domain, and the parties, therefore, would not have had the power to carry out such a covenant. Again, if such a restriction *was* intended, would it run afoul of public policy by compelling the governmental agency acquiring the land by purchase or eminent domain, in addition to paying the value of the property itself, to compensate another land owner for the violation of an unenforceable restriction limiting the property to private uses? *

Decree affirmed; cost to be paid by appellants.

---

* See: *U. S. v. Certain Lands in Jamestown,* R. I., 112 Fed. 622, affirmed sub nomine *Wharton v. U. S.,* 153 Fed. 876; *Moses v. Hazen,* 69 Fed. (2d) 842; *Sackett v. Los Angeles School District,* 5 P. (2d) 23 (118 Cal. App. 254) ; *Friesen v. City of Glendale,* 288 P. 1080 (209 Cal. 524) ; *Doan v. Cleveland Short Line Rwy. Co.,* 112 N. E. 505 (92 Ohio St. 461) ; *Ward v. Cleveland Rwy. Co.,* 112 N. E. 507 (92 Ohio St. 471) ; *Norfolk & Western Rwy. Co. v. Gale,* 162 N. E. 385 (119 Ohio St. 110) ; *Clifton George Co. v. Great Southern Life Insurance Co.,* 247 S. W. 912 (Tex. Civ. App.).

Contra: *Town of Stamford v. Vuono,* 143 A. 245 (108 Conn. 359) ; *Ladd v. Boston,* 24 N. E. 858 (151 Mass. 585) ; *Allen v. Detroit,* 133 N. W. 317 (167 Mich. 464) ; *Johnstone v. Detroit, Grand Haven & Milwaukee Rwy. Co.,* 222 N. W. 325 (245 Mich. 65) ; *Peters v. Buckner,* 232 S. W. 1024 (288 Mo. 618) ; *Britton v. School District of University City,* 44 S. W. (2d) 33 (328 Mo. 1185) ; *State ex rel. Britton v. Mulloy,* 61 S. W. (2d) 741 (332 Mo. 1107) ; *Hayes v. Waverly & Passaic R. R. Co.,* 27 A. 648 (51 N. J. Eq. 345) ; cf., however, *Herr v. Board of Education,* 83 A. 173 (82 N. J. L. 610).