Charles H. MORRISON, Respondent,

v.

Victor H. CASPERSEN, Individually and as
Officer of Fre-Zert, Inc., and Vix Ice
Cream Company, et al., Appellants.

No. 47981.

Supreme Court of Missouri,

Division No. 1.

Nov. 14, 1960.

Fred Armstrong, F. G. Armstrong, St. Louis, for defendants-appellants.

Shifrin, Treiman, Agatstein & Schermer, J. Leonard Schermer, St. Louis, for plaintiff-respondent.

HYDE, Judge.

This is an appeal by defendants from a final judgment requiring them to deposit certificates in plaintiff's name for certain shares of stock in the defendant corporations, and two notes of plaintiff marked paid; and ordering the payment to defendants of certain sums deposited in the registry of the court by plaintiff.

·Defendants contend this judgment violates the opinion and mandate of this court in Morrison v. Caspersen, 323 S.W.2d 697, 704, the original appeal of this case to this court, in which we reversed the judgment and remanded the cause with the following· directions:

"It follows that upon remand of this case· the trial chancellor should enter his order making provision for the following:

"Respondent shall file in the trial court within 30 days following the date the mandate herein is filed in that court, his election stating which of the alternative accountings (heretofore described) he desires. In the event respondent elects to pay for the stock in question the amount due on each of the notes, less the salary credit on the note to Victor Caspersen, then as a part of and as a condition of his right to make such an election he shall deposit therewith a sum sufficient to pay the total net amounts due on each note; within five days thereafter appellants shall deposit in court a duly issued certificate for 100 shares of the capital stock of Vix Ice Cream Company, a corporation, and a duly issued certificate for 17 shares of the capital stock of Fre-Zert, Inc., a corporation, each of said certificates to be in the name of respondent and each certificate to be free of any restrictive endorsement or pledge or other restriction, together with the two notes hereinabove described marked paid; upon the deposit of the sum above mentioned and of the certificates and notes above described, the money shall be paid to the respective appellants in the proper amounts, respectively, and the described certificates and notes delivered to respondent.

"In the event respondent elects to have an accounting fixing the value of his entire interest as of January 31, 1954, he shall file with such election an assignment of certificate 4 for 100 shares of the capital stock of Vix Ice Cream Company, a corporation, to Victor H. Caspersen, and an assignment of certificate 13 for 17 shares of the capital stock of Fre-Zert, Inc., a corporation, to Victor H. Caspersen, John B. Caspersen, and Ervin O. Lenzen. If, when the accounting so elected and heretofore described has been completed the amount due respondent is in excess of the total owed by respondent on the two notes, such excess amount shall forthwith be paid into court by appellants and paid over to respondent.

"In the event respondent fails to file an election as provided, then, and in that event, the accounting as of January 31, 1954, of respondent's entire interest (as hereinbefore described) shall nevertheless proceed and the resulting decree will provide that certificate 4 for 100 shares of capital stock of Vix Ice Cream Company, a corporation, is thereby transferred and assigned to Victor H. Caspersen and that certificate 13 for 17 shares of the capital stock of Fre-Zert, Inc., a corporation, is thereby transferred and assigned to Victor H. Caspersen, John B. Caspersen, and Ervin O. Lenzen."

Our records show that thereafter motions for rehearing filed by all parties were overruled on April 13, 1959; and that on April 27, 1959, plaintiff filed a motion to stay our mandate until such time as he is given an opportunity to inspect the books of the defendant corporations "or in the alternative amend the decree so that the thirty day period mentioned therein will be extended to a reasonable time" for inspection of such books by plaintiff. We overruled this motion on May 11, 1959. Nevertheless, plaintiff got the trial court to attempt to do what we refused to do.

On July 6, 1959, the trial court entered judgment pursuant to our mandate, which it recited had been filed June 17, 1959, containing the orders hereinabove set out requiring plaintiff's election to be filed "within 30 days following the date the mandate herein is filed." However, on that· date, plaintiff filed a motion in the trial court to allow him to inspect the books and records of the defendant corporations and asking for an order "staying the mandate until·such time as the plaintiff is given the opportunity to inspect the books of the defendant corpo-

rations." The court entered an order requiring defendants to permit plaintiff to inspect these books and records. Thereafter, on July 13, 1959, defendant filed a motion to set aside this order of inspection stating "said order is without the provisions of the mandate of the Missouri Supreme Court herein and is not necessary to the effectuation of any of said provisions, which mandate governs, controls and directs the further proceedings herein." This motion was overruled on July 24, 1959. Thereafter, inspection was made and on August 14, 1959, plaintiff filed an election "to pay for the stock in question the amount due on each of the notes, less the salary credit on the note." On August 28, 1959, plaintiff deposited in the registry of the court $14,216.60 to pay the balance due from him under such election.

■ It is clear that the trial court was proceeding in violation of the mandate of this court. Accepting the court's finding that the mandate was filed in the trial court on June 17, 1959, plaintiff had until July 17, 1959, to elect to take the stock and deposit a sum sufficient to pay the balance due on his notes. This was not contingent on any inspection of corporate books and we had denied an application to make it so dependent. The trial court had no authority to permit what this court had denied and the time for plaintiff's election had already passed before it overruled defendants' motion to set aside its order of inspection, on July 24, 1959. What happened after that time is immaterial. (Plaintiff makes a claim of estoppel because thereafter defendants made an agreement with plaintiff as to time of inspection and did not insist on an immediate deposit in the court.) The trial court's duty was to render judgment in conformity with the mandate. 3 Am.Jur. 732, Sec. 1236. It was without power to· modify, alter, amend or in any manner depart from our judgment (3 Am. Jur. 733, Sec. 1237); and its proceedings contrary to the mandate were null and void. 3 Am.Jur. 731, Sec. 1234; see also 5B C.J.

S., Appeal and Error, §§ 1966, 1967, pp. 577–584; cases cited in 3 West's Missouri Digest, Appeal and Error, ☞1198, p. 741, ☞1207(1), p. 750; McIntosh v. Wiggins, 356 Mo. 926, 204 S.W.2d 770; Abrams v. Scott, 357 Mo. 937, 211 S.W.2d 718; De Mayo v. Lyons, 360 Mo. 512, 228 S.W. 2d 691; Davison v. Arne, Mo.Sup., 248 S.W.2d 582; see also State ex rel. Britton v. Mulloy, 332 Mo. 1107, 61 S.W.2d 741. We therefore hold the only judgment to which plaintiff is now entitled is that, hereinabove set out, required to be decreed in the event plaintiff failed to file an election as provided in the mandate.

The judgment is reversed and the cause remanded with directions to enter such a judgment.

All concur.