213 S.W.3d 96 (2006)
STATE of Missouri ex rel. MISSOURI HIGHWAYS AND TRANSPORTATION COMMISSION, Plaintiff,
v.
Rezek M. MUSLET and Wedad Muslet, Respondents,
Viacom Outdoor, Inc., Appellant.
No. WD 66023.
Missouri Court of Appeals, Western District.
November 28, 2006.
Motion for Rehearing and/or Transfer Denied January 30, 2007.
Application for Transfer Denied February 27, 2007.
*97 James B. Jackson, Independence, MO, Joseph R. Borich, Leawood, KS, for respondents.
Laurence R. Tucker, Tyson H. Ketchum, and Cynthia A. Petracek, Kansas City, MO, for appellant.
Before HOWARD, C.J., and BRECKENRIDGE and HOLLIGER, JJ.
Motion for Rehearing and/or Transfer to Supreme Court Denied January 30, 2007.
VICTOR C. HOWARD, Chief Judge.
Viacom Outdoor, Inc. ("Viacom"), appeals the judgment entered by the Circuit Court of Jackson County in the apportionment of a condemnation award between itself and Rezek and Wedad Muslet ("Muslets"). On appeal, Viacom argues that the trial court erred in that (1) it had a compensable easement interest; (2) the easement agreement and applicable law granted Viacom the right to recover damages based on income generated by its sign structure; (3) Viacom's expert evidence was admissible; (4) the undisputed evidence established that Viacom's damages were substantially larger than those apportioned in the judgment; and (5) the judgment awarded the Muslets a windfall. We reverse the trial court's judgment and remand for consideration in accordance with this opinion.

*98 Factual and Procedural Background
Prior to condemnation by the Missouri Highways and Transportation Commission ("MHTC"), Viacom owned an 812-square foot perpetual easement that was improved with an advertisement billboard, which was visible from Highway 71. The easement was located on property owned by the Muslets. Predecessors in interest of Viacom had purchased the easement from predecessors in interest of the Muslets in accordance with an easement purchase agreement ("the Agreement"). The Muslets also owned a convenience store with a gas station that was located on the property. In January of 2002, MHTC condemned the property as part of a highway expansion project.
At the condemnation trial, the jury awarded $1.1 million for the entire property. Under the Unit Rule, this award was the price the jury determined a single buyer would pay a single seller in an unforced sale of the entire property, which included all of the land, the convenience store, and the billboard sign. During the trial, all of the parties, MHTC, Viacom, and the Muslets, had numerous witnesses and experts testify as to the value of the property as a whole and its individual parts.
Following the trial, without hearing any additional testimony on value, the court apportioned the award. Viacom was apportioned six percent, or $70,174, and the Muslets were apportioned ninety-four percent, or $1,099,392.59.[1] On appeal, Viacom argues that the trial court's apportionment was based solely on the depreciated value of the billboard sign structure and did not include any value for the easement. Viacom suggests three reasons for the trial court's judgment: (1) the trial court found that under the Agreement Viacom had waived its right to damages for the taking of the easement; (2) the Agreement's provision for loss of business was unenforceable; and (3) the testimony of Viacom's experts was inadmissible. The Agreement states in pertinent part:
12. Condemnation. In the event that the Grantor's [Muslets'] Premises, the Sign Premises or the Access Easement shall be taken by any public or quasi-public authority under the power of condemnation or eminent doman [sic] or in the event of conveyance in lieu thereof, Grantee [Viacom] shall be entitled to claim, prove and receive in condemnation proceeding such awards as may be allowed for Grantee's Sign Structure, loss of business thereon and depreciation. (Emphasis added.)

Standard of Review
Murphy v. Carron governs our review of a trial court's apportionment of a condemnation award. Santa Fe Trail Neighborhood Redevelopment Corp. v. W.F. Coen & Co., 154 S.W.3d 432, 439 (Mo.App. W.D.2005). Under Murphy v. Carron, we will only set aside a judgment if there is no substantial evidence to support it, if it is against the weight of the evidence, or if it erroneously declares or applies the law. 536 S.W.2d 30, 32 (Mo. banc 1976). Since no findings of fact or conclusions of law were entered, "we assume that the trial court resolved all issues of fact in accordance with the result reached." Shirkey v. Guarantee Trust Life & Ins. Co., 141 S.W.3d 62, 66 (Mo. App. W.D.2004) (citing Rule 73.01(c)).

Discussion
Under both the United States and Missouri Constitutions, the government *99 cannot take one's property without just compensation. U.S. Const. amend. V; Mo. Const. art. 1, § 26. It has long been the law in Missouri that an easement is a property right that the owner must be compensated for when taken. See State ex rel. Britton v. Mulloy, 332 Mo. 1107, 61 S.W.2d 741, 743 (1933). Therefore, Viacom is correct that it had a compensable interest in its easement. See Riverside-Quindaro Bend Levee Dist., Platte County, Mo. v. Mo. Am. Water Co., 117 S.W.3d 140, 155-56 (Mo.App. W.D.2003).
However, the constitutional right of just compensation for property can be waived by a contract, such as the Agreement. But in order for a constitutional right to be waived by contract, the waiver must contain clear, unambiguous, unmistakable, and conspicuous language. See Malan Realty Investors, Inc. v. Harris, 953 S.W.2d 624, 627 (Mo. banc 1997) (right to trial by jury); Med. Shoppe Int'l, Inc. v. J-Pral Corp., 662 S.W.2d 263, 273 (Mo.App. E.D.1983) (consent to personal jurisdiction). The language found in Paragraph 12 of the Agreement does not contain such clear, unambiguous, unmistakable, and conspicuous language. Therefore, it cannot serve as a waiver to Viacom's constitutional right to just compensation for its property, the easement.
The Muslets argue that Paragraph 12 limits the award that Viacom can be given because it speaks of an award for loss of business and depreciation but does not mention the taking of an easement. They argue that by listing what Viacom was entitled to, it was implicitly excluding any other possible damages. However, this argument fails for two reasons. First, as previously discussed, in order to waive a constitutional right, it must be done by clear, unambiguous, unmistakable, and conspicuous language. An implicit waiver is not "clear, unambiguous, unmistakable, and conspicuous" and, therefore, cannot serve as a waiver. Furthermore, this court has long held that unless the contract expressly or by implication states that a remedy is exclusive, it is to be considered permissive as opposed to exclusionary. Damon Pursell Constr. Co. v. Mo. Hwy. & Transp. Comm'n, 192 S.W.3d 461, 479 (Mo.App. W.D.2006) (citing Graves v. Estate of Grebe, 613 S.W.2d 148, 150 (Mo.App. W.D.1981)). We do not find the language contained in Paragraph 12 to expressly or by implication state that the remedies listed are meant to be exclusionary.
In this case, the trial court did not enter any findings of facts or conclusions of law. In such a case, we assume that all factual conclusions made by the trial court were in accordance with the judgment entered. Rule 73.01(c). Based on a thorough review of the trial transcript and the evidence presented by all parties as to value, it does not appear that the trial court included in its apportionment any value for the easement. Although there was a sizeable amount of testimony given on the value of the sign, the easement, and the sign and the easement together, the value awarded by the trial judge does not fall within the range of any of the evidence presented.[2] Therefore, on remand, the trial court is instructed to enter judgment in *100 accordance with this opinion that includes value for both the actual structure[3] and the easement taken by MHTC in the condemnation.
We briefly respond to the remainder of Viacom's contentions in order to assist the trial court on remand. Since there are no findings of fact or conclusions of law, we do not wish to jump to conclusions on what the trial court considered in making its determination. Carmel Energy, Inc. v. Fritter, 827 S.W.2d 780, 783 (Mo.App. W.D.1992).
First, Viacom argues that in calculating its value in the easement and sign, the court should include income generated by the sign. In support of this argument, Viacom points to Paragraph 12 of the Agreement for providing for the "loss of business." In response, the Muslets argue that under Missouri law, "loss of business" cannot be awarded in a condemnation award. However, it is important to note that it is possible to contract for damages that are not available at law. See Harris v. Union Elec. Co., 766 S.W.2d 80, 89 (Mo. banc 1989) (attorney fees normally not awarded unless provided for under contract, statute, or where equity may require); City of Kansas City v. Manfield, 926 S.W.2d 51, 53 (Mo.App. W.D.1996) (tenant and landlord may include in lease the division of award for condemnation). In determining what percentage to allocate to Viacom, the trial court should consider the evidence presented to the jury when it handed down its award of $1.1 million, the language of the Agreement, and all applicable law. If the court feels it is necessary, it can hear additional evidence and arguments regarding this issue.
Finally, Viacom contends that in holding as it did, the trial court might have determined that the testimony of its experts was inadmissible. The admission or exclusion of evidence is within the discretion of the trial judge and will only be reversed if there is "substantial and glaring injustice." Del-Mar Redevelopment Corp. v. Associated Garages, 726 S.W.2d 866, 869 (Mo.App. E.D.1987). Just because the trial court did not find in accordance with the testimony of Viacom's expert witnesses does not automatically mean that there was a determination that the evidence was inadmissible. It is up to the trier of fact, in this case the trial judge, to weigh the conflicting opinions of experts. Richard B. Curnow, M.D., Inc. v. Sloan, 625 S.W.2d 605, 607 (Mo. banc 1981).
From our review of the record, it appears that no objection was made at the apportionment hearing as to the admissibility of Viacom's expert witnesses' testimony and, therefore, it was admitted. Rather, the arguments during the hearing seem to be directed towards the weight and credibility of the testimony.[4] In determining the allocation of the jury award, it is up to the trial judge, as the trier of fact, to weigh the opinions of the experts and judge their credibility on value to determine which of the approaches to fair market value is most indicative of the actual market value of the property. Riverside-Quindaro Bend Levee District, Platte County, Mo. v. Mo. Am. Water Co., 117 S.W.3d 140, 154-55 (Mo.App. W.D.2003); Land Clearance Redevelopment Auth. v. Kan. Univ. & Endowment Ass'n, 797 S.W.2d 495, 502 (Mo.App. W.D.1990). The weight given by the trial court to the *101 differing opinions will not be overturned unless there is no substantial evidence to support it, it is against the weight of the evidence, or if it erroneously declares or applies the law. Murphy v. Carron, 536 S.W.2d 30, 32 (Mo. banc 1976).

Conclusion
In conclusion, we reverse the trial court's judgment and remand for further proceedings consistent with this opinion. In particular, the trial court is instructed to include the value of the easement in the apportionment of the condemnation award and to take into consideration the evidence presented during the jury trial, the Agreement and the applicable law in making its final determination.
Reversed and remanded for further proceedings consistent with this opinion.
BRECKENRIDGE and HOLLIGER, JJ., concur.
NOTES
[1] Prior to the appropriation hearing, the total condemnation award had been adjusted to $1,169,566.59.
[2] The range of testimony of the value of Viacom's interest was extreme. The lowest value given, which was for the depreciated value of the sign alone was $53,000. The largest estimate of value of both the sign and the easement was $553,400. Based on our review of the record, it appears that the lowest estimate given for the value of the sign and the easement was $93,000. Therefore, the judgment entered by the court is against the weight of the evidence if it is assumed to include both the value of the sign and the easement and, thus, cannot be sustained by this court.
[3] There is no argument by the Muslets that Viacom is not entitled to the value of its sign.
[4] In particular, the Muslets focused on Viacom's witnesses' use of the gross income multiplier and the sales used in their comparable sales analysis.