By the Court.
 

 The ultimate question in this case is frankly stated in the brief of counsel for defendants in error, as follows:
 

 “If at this time' the court should definitely rule that these property owners are not entitled to compensation in the event that the Railway Company does actually invade Eastgate and violate these valuable restrictive covenants, these property owners will be compelled to invoke the protection of the
 
 *113
 
 Constitution of the United States and the Supreme Court of the United States.”
 

 In view of the fact that this paramount question must be ultimately determined in this lawsuit, we believe the best interests of all parties would be subserved by making a definite holding upon that point at this time, and not to temporize by permitting the case to go back to the courts below, awaiting final trial.
 

 We are of the opinion that the case of
 
 Doan
 
 v.
 
 Cleveland Short Line Ry. Co.,
 
 92 Ohio St., 461, 112 N. E., 505, is decisive and controlling, in which case it is held:
 

 “Where an allotter adopts a plan for the improvement of his allotment whereby the use of the lots is restricted exclusively-for residence purposes, such restriction cannot be construed as applying to the state or any of its agencies vested with the right of eminent domain in the use of the lots for public purposes.
 

 “Where a company or any agency of the state vested with the right of eminent domain has acquired lots in such an allotment and is using the same for public purposes no claim for damages arises in favor of the owners of the other lots on account of such use.”
 

 Sufficient appears in this record to disclose that this property, acquired by the Virginia Holding Corporation for the uses of the Norfolk
 
 &
 
 Western Railway Company, will be ultimately used for railroad purposes, and, under the rule announced in the
 
 Doan case,
 
 in the opinion of those concurring herein the common pleas court was correct in sustaining the demurrer to the petition and the amendment to the petition. The judgment of the Court of Ap
 
 *114
 
 peals is reversed and that of the common pleas affirmed.
 

 Judgment of the Court of Appeals reversed and that of the common pleas affirmed.
 

 Marshall, C. J., Day, Kinkade and Matthias, JJ., concur.
 

 Allen, Robinson, and Jones, JJ., not participating.