Taut, C. J.
All parties apparently concede that, if plaintiff’s predecessor in title, Kiley, had an interest in the property appropriated by the defendant city from Yorgin,* then (1) Kiley was a necessary party to the appropriation proceeding, (2) since Kiley was not made a party, any interest of *384 Kiley’s land in the appropriated land was not taken from him or his land by that appropriation proceeding (see Callen v. Columbus Edison Electric Light Co. [1902], 66 Ohio St., 166, 64 N. E., 141, 58 L. R. A., 782; State, ex rel. McKay, Exr., v. Kauer, Dir [1951], 156 Ohio St., 347, 102 N. E. [2d], 703; and State, ex rel. Wilson, v. Preston, Dir. [1962], 173 Ohio St., 203, 181 N. E. [2d], 31), and (3) defendant’s demurrer should have been overruled.
The question to be determined therefore is whether plaintiff’s predecessor in title, Kiley, had an interest in the property appropriated by defendant city.
This depends upon whether (1) the covenant relied upon by plaintiff is one running with the land, (2) a covenant running with the land creates an interest in the land upon which it imposes a burden, and (3) such covenant is one that can be valid as against the public.
In the instant case, the deed from Kiley (plaintiff’s grantor) to Yorgin (against whom the defendant city brought its appropriation action) provided for a specified easement for ingress and egress over a 50-foot strip of what is now plaintiff’s land, and that “asa further consideration of this conveyance, grantee, her heirs and assigns, agrees that whenever the premises over which said easement is granted [now plaintiff’s] are improved for street purposes said grantee, her heirs and assigns agrees to pay her proportionate share of the expenses of said improvement, based on the number of feet fronting on said proposed street. ’ ’
That this created a covenant running with plaintiff’s land and against defendant city’s land would appear to be clear from our previous decisions.
For example, in Easter v. Little Miami Rd. Co. (1862), 14 Ohio St., 48, a grantor of land convenanted “for himself, his heirs and assigns to erect and maintain a fence on” the boundaries between land retained and the land conveyed. This was held to be a covenant running with the land and binding on those who claimed rights in the land retained by the covenantor. In the opinion by Grholson, J., it is stated at page 51:
“The intention is clear, that the covenant should run with *385 the land, and bind heirs and assigns; * * * assigns being expressly named” (as in the instant case).
Also in Huston v. Cincinnati & Zanesville Rd. Co. (1871), 21 Ohio St., 235, a railroad company in appropriating land “agreed to erect and forever keep np the fences and crossings in a specified manner.” In the syllabus, it is stated that this “is an agreement which runs with the land, so as to be binding as between the assignees or grantees of both the parties thereto,” and that the “vendee of the original owner” could recover thereon “against the vendee of the” railroad “for failure to build said fences and crossings.”
In the opinion by Welch, C. J., it is stated at page 246:
“Does the contract run with the land? Undoubtedly it does. It was an agreement to erect structures upon the land appropriated, and to keep them up so long as that was enjoyed. It was in the nature of a charge upon that land, subjecting it to a servitude in favor of the estate from which it was to be taken. It went to lessen the value of the one and enhance the value of the other. The nature of the agreement, its qualification of the estate granted, its connection with the proceeding by which the title was acquired, and the fact that the agreement was to be of perpetual obligation, utterly forbid the idea that it was intended to be a mere personal contract.”
Likewise, in the instant case, the fact that not only the grantee but “her heirs and assigns” agreed forbids the idea that the agreement to pay on account of the street was to be a mere personal contract of the grantee.
In Hickey v. Ry. Co. (1894), 51 Ohio St., 40, 36 N. E., 672, 46 Am. St. Rep., 545, 23 L. R. A., 396, this court held that, since a covenant by a “grantee, his heirs and assigns” to “make and maintain good and sufficient fences” on boundaries between the land conveyed and land retained by the grantor was one running with the land, such covenant was enforceable only against an owner of the land and not against the grantee named in the deed containing that covenant after he had disposed of such land. Thus, in the instant case, in view of our decision in Hickey v. Ry. Co., neither plaintiff’s predecessor in title, Kiley, nor plaintiff could, after the appropriation of Yorgin’s land *386 by the defendant city, sne Yorgin on the agreement to pay a share of the cost of the street. That agreement, being one running with the land, would be enforceable only against an owner of the land. After the defendant city’s appropriation of her land, Yorgin was not such an owner.
Defendant city relies upon Norfolk & Western Ry. Co. v. Gale (1928), 119 Ohio St., 110, 162 N. E., 385; Doam v. Cleveland Short Lime Ry. Co. (1915), 92 Ohio St., 461, 112 N. E., 505; and Ward v. Cleveland Ry. Co. (1915), 92 Ohio St., 471, 112 N. E., 507. Those cases are not applicable. They are based upon the rationale that a “restriction as to the use of” land “cannot be construed as applying to the state or any of its agencies” (119 Ohio St., at 113). As stated by Newman, J., in Doan v. Ry. Co., supra, at page 468:
“If such restriction * * * is to be construed as prohibiting the use of the property for any purpose other than that of residences, it would prevent a public use of the lots and thereby defeat the right of eminent domain. * * * The right of eminent domain rests upon public necessity, and a contract or covenant or plan of allotment which attempts to prevent the exercise of that right is clearly against public policy and is therefore illegal and void. * * * To give to plaintiff this right we would be compelled to recognize a right existing under what we hold to be an invalid restriction.”
On the other hand, the covenant in the instant case merely imposes a financial burden upon the land appropriated by defendant city just as a mortgage would impose a financial burden upon that land. Unlike the covenants in the cases relied upon by defendant city, the covenant in the instant case does not purport to forbid any use that defendant city may want to make of the appropriated property.
It would have been a relatively simple matter for defendant city to have made plaintiff’s predecessor in title, Kiley, a party to the appropriation proceeding. Defendant city should have and undoubtedly did examine the record title to this property before seeking to appropriate it. Such an examination would disclose that the land, which Kiley later conveyed to plaintiff, had what Welch, J., described in Huston v. Rd. Co., supra (21 Ohio St., 235, at page 247), as “a charge upon that land [being *387 appropriated], subjecting it to a servitude in favor of the estate from which it was * * * taken” (now plaintiff’s land). As his opinion suggests, this “charge” on the land being appropriated “in favor of” what is now plaintiff’s land lessened the value of what was being taken by defendant city from the owner of the land being appropriated and enhanced the value of what is now plaintiff’s land.
In effect, defendant city is claiming the right to take an interest in the land being appropriated without either paaking the owner of that interest a party to any appropriation proceeding or paying such owner for that interest.
Undoubtedly, defendant city should only have to pay the value of the land appropriated, even though that value may be less than the aggregate values of the interests in that land. In re Appropriation by Supt. of Public Works; Sowers, Supt., v. Schaeffer (1951), 155 Ohio St., 454, 99 N. E. (2d), 313. However, it cannot destroy and thereby take an interest in that land if it has neither made the owner of that interest a party to the appropriation proceeding nor paid him for that interest.
It may be that defendant can allege and prove facts which will constitute a defense to the allegations of the petition. However, from what we have said, it is apparent that the demurrer to the petition should have been overruled.

Judgment reversed.

O’Neill, Herbert and Gibson, JJ., concur.
Zimmerman, Matthias and Griffith, JJ., dissent.

Cf. Ohio Valley Advertising Corp. v. Linzell, Dir. (1958), 168 Ohio St., 259, 153 N. E. (2d), 773, where the agreement did not purport to create any estate or interest in the real estate being appropriated.