Zimmerman, J.,
dissenting. It is important to bear in mind that this is not an action between private persons wherein one is seeking the recovery of money from the other by virtue , of provisions placed in deeds conveying real estate. By the established law of this state, a proceeding for the appropriation of private property for public use is one in rem and not in personam, and the exercise of the power of eminent domain operates on the property alone and not on the title to the property. Such a proceeding does not constitute the taking of the rights of *388 persons but is an appropriation of tbe property itself, and the condemnor acquires an independent title to the property free of prior encumbrances. The proceeding is essentially one to ascertain the amount of compensation to be paid to the owner of the appropriated property. 19 Ohio Jurisprudence (2d), 471, 570, Sections 59 and 148; In re Appropriation by Supt. of Public Works, 152 Ohio St., 65, 87 N. E. (2d), 257; and In re Appropriation by Supt. of Public Works, 155 Ohio St., 454, 99 N. E. (2d), 313.
It is also true that an agreement or covenant in a deed imposing limitations or restrictions upon the use of real estate is not binding on a governmental agency or other authorized agency exercising the power of eminent domain. Such agreement or covenant confers no compensable property right which may be asserted or enforced against the appropriating agency. Doan v. Cleveland Short Line Ry. Co., 92 Ohio St., 461, 112 N. E., 505; Ward v. Cleveland Ry. Co., 92 Ohio St., 471, 112 N. E., 507; Norfolk & Western Ry. Co. v. Gale, 119 Ohio St., 110, 162 N. E., 385 (certiorari denied, 278 U. S., 571, 73 L. Ed., 512, 49 S. Ct., 93).
Consequently, a governmental agency appropriating private property for public use acquires a new and independent title to the land appropriated and not a derivative one. Thus, a burden on land which by stipulation in a deed may be imposed by a grantor on a grantee does not constitute an obligation which must be recognized by a governmental agency appropriating such land for public purposes. When there are those who have valid monetary claims against appropriated property, the satisfaction of such claims comes from the money paid for the appropriated property. For example, where a mortgagee is not made a party in an appropriation proceeding, the lien follows the fund, and the mortgagee may have it applied on the mortgage indebtedness. Mahoning National Bank v. City of Youngstown, 143 Ohio St., 523, 56 N. E. (2d), 218.
The majority opinion holds that the quoted stipulations in the deeds from the Kileys to Yorgin and plaintiff constitute covenants running with the land which are binding on the defendant city. Two essential elements of a covenant running with the land are (1) that the grantor and the grantee intended *389 that the covenant should run with the land and (2) that a privity of estate exists between the promisee or party claiming the benefit of the covenant and the right to enforce it and the promisor or party who rests under the burden of the covenant. Neponsit Property Owners’ Assn., Inc., v. Emigrant Industrial Sav. Bank, 278 N. Y., 248, 254, 15 N. E. (2d), 793, 795, 118 A. L. R., 973, 977.
As I read the quoted stipulations in the deeds from the Kileys relating to payment for street construction, they impose no more than a personal obligation on the individual property owner, his heirs and assigns — an obligation which might be enforced against them personally but which does not in its wording constitute a covenant running with the land, effective against a governmental agency appropriating the land for public use. The stipulations do not in terms make the obligation a charge upon the land itself.
Where a covenant is personal in nature, the mere addition of the words, “her heirs and assigns,” does not change it into one running with the land. Mygatt et al., Trustees, v. Coe, 147 N. Y., 456, 42 N. E., 17. Nor does a covenant run with the land simply because it is a part of the consideration expressed in a deed. Epting v. Lexington Water Power Co., 177 S. C., 308, 181 S. E., 66, 102 A. L. R., 773.
Moreover, under the deed provisions referred to, until the street construction was completed and the cost thereof determined, there was no obligation on the part of adjacent landowners to pay anything. And, as I read the petition, it does not definitely state that the street construction was undertaken before the appropriation proceeding was instituted.
It is conceivable that in the appropriation proceeding to secure the Yorgin land, she might have set up the provision in her deed from Kiley requiring her to pay a proportionate share of the street construction cost, but if this happened or was permissible, it would be no more than an element to be taken into account as bearing on the value of her appropriated property or in the distribution of the fund.
In my opinion, the petition herein does not state facts sufficient to constitute a cause of action directly against defendant, and the Court of Common Pleas correctly sustained the *390 demurrer to the petition and rendered judgment for the defendant. Likewise, the Court of Appeals correctly affirmed that judgment.
Therefore, the judgment of the Court of Appeals should he affirmed.
Matthias and Griffith, JJ., concur in the foregoing dissenting opinion.